# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
## COUNSELLORS AT LAW

| | | | | |
|---|---|---|---|---|
| CHARLES C. CARELLA | DONALD F. MICELI | **5 BECKER FARM ROAD** | PETER G. STEWART | RAYMOND J. LILLIE |
| JAN ALAN BRODY | CARL R. WOODWARD, III | **ROSELAND, N.J.  07068-1739** | FRANCIS C. HAND | GREGORY G. MAROTTA |
| JOHN M. AGNELLO | MELISSA E. FLAX | **PHONE (973) 994-1700** | JAMES A. O'BRIEN, III | KEVIN G. COOPER |
| CHARLES M. CARELLA | DAVID G. GILFILLAN | **FAX (973) 994-1744** | JOHN G. ESMERADO | MARYSSA P. GEIST |
| JAMES E. CECCHI | G. GLENNON TROUBLEFIELD | www.carellabyrne.com | STEVEN G. TYSON | JORDAN M. STEELE** |
| | BRIAN H. FENLON | | MATTHEW J. CERES | MICHAEL K. BELOSTOCK |
| | LINDSEY H. TAYLOR | | MARC D. MORY | BRIAN F. O'TOOLE** |
| | CAROLINE F. BARTLETT | | ZACHARY A. JACOBS*** | SEAN M. KILEY |
| | ZACHARY S. BOWER+ | | | ROBERT J. VASQUEZ |
| | DONALD A. ECKLUND | | | |
| | CHRISTOPHER H. WESTRICK* | | OF COUNSEL | |
| | STEPHEN R. DANEK | | | |
| | MICHAEL A. INNES | | *CERTIFIED BY THE SUPREME COURT OF | |
| | MEGAN A. NATALE | | NEW JERSEY AS A CIVIL TRIAL ATTORNEY | |
| | | | +MEMBER FL BAR ONLY | |
| | | | **MEMBER NY BAR ONLY | |
| | | | ***MEMBER IL BAR ONLY | |

February 6, 2024

**VIA ECF**

Honorable Jamel K. Semper, U.S.D.J.
Honorable Edward S. Kiel, U.S.M.J.
Martin Luther King Building
& U.S. Courthouse,
50 Walnut Street,
Newark, New Jersey 07101

  Re: *In re: HealthEC LLC Data Breach Litigation*,
     Civil Action No. 2:24-cv-26 (JKS) (ESK)

Dear Judge Semper and Judge Kiel:

  This firm, and others, are counsel representing Plaintiffs in the above-captioned consolidated class action. This action arises from a security breach in July 2023 ("Data Breach") of computer systems maintained by Defendant HealthEC, LLC ("HealthEC"). In December 2023, HealthEC disclosed that the stolen information included sensitive healthcare data covered by HIPAA, and that 4.5 million individuals were affected. Throughout January 2024, twenty class actions were filed in this Court seeking relief on behalf of the victims of the Data Breach.

  I am pleased to make the following proposal on behalf of Plaintiffs in each of the cases consolidated before Your Honor. ECF 6.[1] This proposal enjoys the support of all Plaintiffs' counsel in this consolidated action and I am confident that the structure we propose is exceedingly qualified and fully satisfies all of the criteria set forth in the *Manual for Complex Litigation (Fourth)*.

---

[1] Since the preparation of the Stipulation and Order Consolidating Cases, Plaintiffs' counsel has become aware of additional filings in this District. We intend to work cooperatively with counsel for these Plaintiffs and seek consolidation and joint prosecution on behalf of the Class. We will keep the Court apprised as to our efforts.

In consolidating this action, I have worked diligently with all Plaintiffs' counsel to understand the parameters of the case, and to develop a coherent leadership proposal that will prosecute this case efficiently and effectively.  I am confident that the proposed structure achieves that objective as every lawyer that has filed a case included in this consolidated action has consented to our proposal.  In light of this fact, our team has already begun the substantive work of moving the case forward including drafting a consolidated complaint and beginning the process of negotiating necessary pre-trial orders.  We hope that the proposed leadership structure meets with Your Honor's approval and we are available to answer any questions about it at any time.

### Appointment of Class Counsel

In complex cases such as this one, it is well-established that the Court may appoint class counsel to coordinate the prosecution of the litigation.  Rule 23 specifically provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).  The Advisory Committee Notes to Rule 23(g)(2)(A) explain that the rule "authorizes [a] court to designate interim counsel during the precertification period if necessary to protect the interests of the putative class."  The *Manual for Complex Litigation (Fourth)* elaborates:

> If . . . there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. *In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities*, such as making and responding to motions, conducting any necessary discovery, moving for class certification and negotiating settlement.

*Manual for Complex Litigation (Fourth)*, § 21.11 (emphasis added).

"Although neither the federal rules nor the Advisory Committee Notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1)([A]), which govern the appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification." *In re Insulin Pricing Litig.*, 2017 WL 4122437, at *1 (D.N.J. Sept. 18, 2017) (citation omitted); *see also Waudby v. Verizon Wireless Servs., Inc.*, 248 F.R.D. 173, 175-76 (D.N.J. 2008). While class action cases such as this one often require extended motion practice to determine the most adequate plaintiffs' lead counsel, the lawyers who filed these cases regularly work cooperatively together and have conferred and agreed on a proposed leadership structure that avoids protracted motion practice and – more importantly – efficiently serves the interests of the aggrieved putative classes.  We hope that our proposed structure meets with Your Honor's approval.

In sum, we think our proposal is sensible, efficient, and in the best interests of the putative classes and the Court.  We propose a leadership structure consisting of a Plaintiffs' Executive Committee ("PEC") and Plaintiffs' Steering Committee ("PSC") (together "Class Counsel"). Norman E. Siegel of Stueve Siegel Hanson LLP shall serve as Executive Committee Chair, with James E. Cecchi of Carella Byrne Cecchi Brody & Agnello, P.C. serving as Plaintiffs' Liaison

Honorable Jamel K. Semper, U.S.D.J.
Honorable Edward S. Kiel, U.S.M.J.
Page 3 of 5

Counsel. Each committee of the PSC will be chaired by a PEC member who will direct and support the committee and report to Mr. Siegel. Plaintiffs' counsel will also submit monthly time and expense reports to the PEC to track and manage expenses for the members of the Class. This reporting will ensure that the litigation is managed efficiently and that resources are allocated effectively. The positions of each member of the PEC and PSC are below and are supplemented with the short-form resumes annexed to this letter as Exhibits A – R.

### The proposed Plaintiffs' Executive Committee is as follows:

1. Executive Committee Chair:         Norman E. Siegel
2. Co-Chair of Offensive Discovery:   James J. Pizzirusso
3. Co-Chair of Offensive Discovery:   Sabita J. Soneji
4. Chair of Defensive Discovery:      Christopher L. Ayers
5. Co-Chair of Expert Discovery:      Jean S. Martin
6. Co-Chair of Expert Discovery:      Vicki Maniatis

### The proposed Members of Plaintiffs' Steering Committee:

Law and Briefing Committee:
- Gary F. Lynch
- Raina Borrelli
- Anthony L. Parkhill

Expert Discovery Committee:
- Joseph M. Lyon
- Amber L. Schubert

Offensive Discovery Committee:
- Courtney E. Maccarone
- Emily E. Hughes
- Tyler J. Bean

Defensive Discovery Committee:
- Joel B. Strauss
- Paul J. Doolittle
- Kevin Laukaitis
- Justin C. Walker

As detailed below, each individual lawyer and firm has extensive experience in complex class action matters, including data breach and privacy cases, and each proposed candidate is prepared to devote their personal time and resources necessary to prosecute this action. In addition, the proposed structure harnesses the talents of lawyers from all across the country.

### The Proposed Structure Satisfies Rule 23

The most common means of selecting class counsel is so-called "private ordering," *i.e.*, a voluntary agreement among counsel, subject to court approval to ensure that counsel is qualified and capable. *See Third Circuit Task Force Report, Selection of Class Counsel*, 208 F.R.D. 340, 416-17 (3d Cir. 2002) ("Case law and experience indicates that the dominant scenario for appointing class counsel is deference to private ordering."); *see also Manual for Complex Litigation (Fourth)* § 21.272 ("There are several methods for selecting among competing applicants. By far the most common is the so-called 'private ordering' approach: The lawyers

Honorable Jamel K. Semper, U.S.D.J.
Honorable Edward S. Kiel, U.S.M.J.
Page 4 of 5

agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests.").

The responsibilities of interim class counsel mirror those of class counsel (appointed after the class has been certified). Courts therefore consider the same factors enumerated in Rule 23(g)(1)(A) in selecting interim class counsel. *In re Insulin Pricing Litig.,* 2017 WL 4122437, at *1. The Federal Rules of Civil Procedure instruct courts to consider the following when appointing class counsel: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A).

The court may also consider any other matter "pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Appointment is appropriate where the Court concludes that "[c]lass counsel [will] fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(2) and (4).

Proposed PEC and PSC members all satisfy the applicable criteria for serving as class counsel. Each of the proposed lawyers and their firms has worked to identify and investigate the potential claims; is experienced in handling complex class actions, particularly data breach and privacy litigation; possesses in-depth knowledge of the applicable law; and has adequate resources to commit to representing the proposed class of consumers. *See* Fed. R. Civ. P. 23(g)(1).

Each of these individuals are at firms that are all experienced in class action litigation, have worked collegially and collaboratively on many matters, and have substantial experience working in a wide range of complex matters. Attorneys at these firms have decades of experience litigating some of the nation's most complicated class actions and have successfully recovered billions of dollars in damages for class members. The firms have the resources necessary to prosecute this action and will devote those resources to the prosecution of this action in the best interest of the proposed class.

A.   The Proposed PEC and PSC Filed Detailed and Comprehensive Complaints

Starting on January 3, 2024, proposed PEC and PSC members filed detailed, comprehensive complaints that reflect the care and commitment of all Plaintiffs, and have devoted, and will continue to devote, such care and commitment to this litigation. The proposed group of attorneys has already demonstrated efforts to work together in a collegial, efficient, and professional manner to further the interests of their clients. The work performed to date by the proposed PEC and PSC demonstrates that this group is well-suited to lead this important matter.

### B. Proposed Class Counsel Has Extensive Experience in Complex Class Action Litigation, including Data Breach and Privacy Litigation

Proposed Lead Interim Class Counsel has served individually as lead or co-lead counsel in many similarly large and complex consumer class actions. A sampling of those cases is described the short-form firm resumes attached to this submission as Exhibits A – R.

### C. Proposed Lead Interim Class Counsel and the Executive Committee Will Commit The Necessary Resources To Vigorously Prosecute This Action.

In addition to their ample experience and qualifications, each member of the PEC and PSC is supported by their firms all of which are well-capitalized, and are fully capable and prepared to staff and finance this action without the use of litigation funders. Indeed, the firms have already devoted significant time investigating the bases for the claims asserted in this action and have devoted significant resources to researching, investigating, and drafting detailed pleadings. To achieve an efficient prosecution of this matter, Mr. Siegel will collect monthly time-reports from each lawyer and firm doing work authorized by proposed leadership.

As in all consolidated class actions, not every lawyer who has filed a case or entered an appearance is proposed to be appointed to the Executive Committee. This is only natural. A structure that is too large often becomes unworkable, resulting in duplication and waste. That said, every committee chair is prepared to work with all lawyers in this consolidated action who wish to be included and who have the necessary skill sets to add value to plaintiffs' teams. The PEC and PSC members have every intention of using the resources of these lawyers as needed.

Thank you for Your Honor's commitment of your time to this important consolidated class action. Should Your Honor have any questions, I am available at Your convenience.

Respectfully submitted,

CARELLA BYRNE CECCHI
BRODY & AGNELLO, P.C.

*/s/ James E. Cecchi*

JAMES E. CECCHI

Cc: All Counsel (via ECF)