# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re HealthEC LLC Data Breach Litigation | ) | No. 2:24-cv-00026 (JKS) (SDA) |
| | ) | |
| | ) | CLASS ACTION SETTLEMENT |
| | ) | AGREEMENT AND RELEASE |

This Class Action Settlement Agreement and Release ("Settlement Agreement"), dated February 27, 2025, is made and entered into by and among the following Settling Parties[1]: (i) Defendants HealthEC, LLC ("HealthEC"), Community Health Care Systems, Inc. ("Community Health"), Corewell Health d/b/a Corewell ("Corewell"), MD Valuecare, LLC ("MD Valuecare"), and Oakwood Accountable Care Organization, LLC d/b/a Beaumont ACO ("Beaumont") (Community Health, Corewell, MD Valuecare and Beaumont, together, the "Provider Defendants") (HealthEC and Provider Defendants, together, "Defendants"); and (ii) Plaintiffs Allan Bishop, Caroline Cappas, Jessica Fenn, Keith Fielder, Joni Fielder, Gregory Leeb, and Mindy Markowitz, individually and on behalf of the Settlement Class (collectively, "Plaintiffs"), in the case of *In re: HealthEC LLC Data Breach Litigation*, 24-cv-00026-JKS-SDA (D.N.J.) (the "Litigation"). Defendants and Plaintiffs are each referred to as a "Party" and are collectively referred to herein as the "Parties."  The Settlement Agreement is subject to Court approval and is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (defined below), upon and subject to the terms and conditions thereof.

## I.    RECITAL: THE LITIGATION

HealthEC is a population health technology company that provides certain healthcare data analytics services to healthcare entities. In the course of providing these professional services, HealthEC received or collected certain patient information from the Provider Defendants as well as other entities and clients. In or around December 2023, HealthEC announced it had suffered a data breach where a threat actor copied various files from its systems (the "Incident"). HealthEC's further investigation determined that approximately 4.2 million user profiles were impacted by the

---

[1]    All capitalized terms shall have the meaning set forth in the Definitions section below.

Incident. Of those 4.2 million user profiles, approximately 1.67 million individuals were patients of the Provider Defendants. Various lawsuits were filed against HEC and the Provider Defendants related to the Incident, which were consolidated into this Litigation.

In an effort to resolve the Litigation, the Parties engaged in mediation with the Honorable Joel Schneider (Ret.). While the Parties were unable to reach agreement during the mediation, they continued to engage in discussions and were able to reach an agreement in principle on the settlement of this matter. The Parties have therefore agreed to settle the Litigation on the terms and conditions set forth herein in recognition that the outcome of the Litigation is uncertain and that achieving a final result through a trial and likely appeals would require substantial additional risk, uncertainty, discovery, time, and expense for both of the Parties.

## II.    RECITAL: PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLING

Plaintiffs believe the claims asserted in the Litigation, as set forth in the Complaint, have merit. Plaintiffs and Plaintiffs' Counsel (defined below) recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through continued motion practice, trial, and potential appeals. They have also considered the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation, especially in complex class actions. Plaintiffs also considered the distressed financial condition of HealthEC, which informed the timing and value of the settlement. Plaintiffs' Counsel are highly experienced in class action litigation and very knowledgeable regarding the relevant claims, remedies, and defenses at issue generally in such litigation and in this Litigation. They have determined that the settlement set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

## III.     RECITAL: DENIAL OF WRONGDOING AND LIABILITY

Defendants each deny the claims and contentions alleged in the Litigation. Defendants deny all charges of wrongdoing or liability as alleged, or which could be alleged, in the Litigation. Defendants further each deny that Plaintiffs and the class they purport to represent have suffered any injury or damage and that any alleged injury or damage was caused by the Incident or any act or omission of on the part of Defendants; and that the Litigation satisfies the requirements to be certified or tried as a class action under Federal Rule of Civil Procedure Rule 23.  The Provider Defendants also believe that they are entitled to contribution, defense and/or indemnification from HealthEC in connection with the claims asserted against them in the Litigation, but have also considered the distressed financial condition of HealthEC, which informed the timing and value of the settlement.  Nonetheless, while continuing to deny any wrongdoing or liability for the claims asserted in the Litigation and believing they have strong and meritorious defenses thereto, and without any admission of liability, Defendants have concluded that further litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. Defendants have considered the uncertainty and risks inherent in any litigation. Defendants have, therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

## IV.     SETTLEMENT TERMS & DEFINITIONS

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs, individually and on behalf of the Settlement Class, Plaintiffs' Counsel, and Defendants that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with

prejudice as to the Settling Parties and the Settlement Class, except those members of the Settlement Class who timely opt-out of the settlement, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

**1.    Definitions**

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.1    "**Action**" or "**Litigation**" means *In re: HealthEC LLC Data Breach Litig.*, No. 24-cv-00026 (JKS) (SDA) (D.N.J.), including all consolidated claims therein.

1.2    "**Agreement**" or "**Settlement Agreement**" means this agreement, exhibits, and the settlement embodied herein.

1.3    "**Attorneys' Fees and Expenses**" means the attorneys' fees that Plaintiffs' Counsel request the Court to approve for payment from the Common Fund as compensation for Plaintiffs' Counsel's work in prosecuting and settling the Action, and reimbursement of associated expenses.

1.4    "**Claim**" means a claim for settlement benefits made under the terms of this Settlement Agreement, pursuant to the Settlement Benefits Plan.

1.5    "**Class List**" means the list of individuals in the United States who make up the Settlement Class to be provided by the Provider Defendants to the Settlement Administrator containing the full names and current or last known addresses for Settlement Class Members and, where available to the Provider Defendants, the current or last known email addresses for Settlement Class Members.

1.6    "**Class Notice**" means the Long Form Notice and Short Form Notice.

- 4 -

1.7    "**Claim Form**" means the claim form to be used by Settlement Class Members to submit a Claim, either through the mail or online through the Settlement Website, substantially in the form as shown in Exhibit A attached hereto.

1.8    "**Claims Deadline**" means the deadline for Claims submitted pursuant to Paragraphs 11.1(b) through (c) and 11.3.

1.9    "**Common Fund**" means a non-reversionary common fund to be severally funded by Defendants in the amount of Five Million Four Hundred Eighty-Two Thousand Five Hundred Dollars and Zero Cents ($5,482,500.00) in accordance with Paragraph 2.1 of this Agreement, including any interest accrued thereon after payment. This payment is the limit and extent of the monetary obligations of Defendants, their respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees and assigns of any of the foregoing, with respect to this Agreement and the settlement of this matter, including but not limited to, as to any and all settlement benefits to be paid, costs, fees, and/or expenses associated with the Settlement Benefits Plan, Notice and Settlement Administration Costs, costs, fees, and/or expenses associated with the Escrow Agent and Escrow Account, Service Awards, and Attorneys' Fees and Expenses.

1.10    "**Court**" means the United States District Court for the District of New Jersey.

1.11    "**Defendants' Counsel**" means the counsel of record for each Defendant in the Litigation.

1.12    "**Effective Date**" means the first date by which all of the events and conditions specified in Paragraph 12.1 herein have occurred and been met.

- 5 -

1.13    "**Escrow Account**" means the segregated escrow account maintained by the Escrow Agent into which Defendants shall severally pay for the establishment of the Common Fund.

1.14    "**Escrow Agent**" means the bank designated by the Settlement Administrator that will establish an account for the Common Fund.

1.15    "**Final**" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is approved by the Court; (ii) the Court has entered a Judgment (as that term is defined below); and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fee award made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

1.16    "**Final Fairness Hearing**" means the hearing the Court will hold to consider the fairness of the settlement as provided by Fed. R. Civ. P. 23(e)(2).

1.17    "**Incident**" means the data breach announced by HealthEC which occurred in on or around December 2023.

1.18    "**Judgment**" means a final judgment rendered by the Court.

1.19    "**Long Form Notice**" means the long form notice of settlement posted on the Settlement Website, attached hereto as Exhibit B.

1.20    "**Notice and Settlement Administration Costs**" means all costs incurred or charged by the Settlement Administrator in connection with providing notice to Settlement Class Members and costs of administering the settlement benefits.

1.21    "**Objection Date**" means the date by which Settlement Class Member objections must be received by the Settlement Administrator, or in the alternative, filed with the Court.

1.22    "**Opt-Out Date**" means the date by which Settlement Class Members must mail their requests to be excluded from the Settlement Class for that request to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes.

1.23    "**Person**" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, agents and assignees.

1.24    "**Plaintiffs' Counsel**" means Stueve Siegel Hanson LLP as court-appointed Chair of the Executive Committee for the Plaintiffs and Carella, Byrne, Cecchi, Brody & Agnello, P.C. as court-appointed Liaison Counsel for the Plaintiffs, and the members of the Executive Committee appointed by the Court.

1.25    "**Preliminary Approval Order**" means the order preliminarily approving the Settlement Agreement and ordering that notice be provided to the Settlement Class, substantially in the form as shown in Exhibit A attached hereto.

1.26    "**Related Entities**" means each of Defendant's past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, principals, agents, attorneys, insurers, and reinsurers, and includes, without

- 7 -

limitation, any Person related to any such entity who is, was or could have been named as a defendant in any of the actions in the Litigation, other than any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Incident or who pleads *nolo contendere* to any such charge.

1.27    "**Released Claims**" shall collectively mean all claims against the Released Parties, and assigns, arising out of or relating to the Incident. Released Claims shall not include the right of any Party or any of the Released Parties to enforce the terms of the settlement contained in this Settlement Agreement.

1.28    "**Released Parties**" means Defendants, their Related Entities, and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, principals, agents, attorneys, insurers, and reinsurers.

1.29    "**Service Awards**" means the awards, if any, awarded by the Court for Plaintiffs' institution, prosecution, and substantial participation in the Litigation to be paid from the Common Fund.

1.30    "**Settlement Administration**" means the process of disseminating the Long Form and Short Form Notices and the processing of Claims by the Settlement Administrator.

1.31    "**Settlement Administrator**" means Verita Global, LLC.

1.32    "**Settlement Benefits Plan**" means the plan for processing claims for and distributing settlement benefits to Settlement Class Members, which shall be presented by Plaintiffs' Counsel to the Court for approval in connection with a motion seeking a Preliminary Approval Order.

- 8 -

1.33   "**Settlement Class**" means the approximately 1.67 million individuals reflected on the Class List that were patients of Community Health, Corewell, MD Valuecare, or Beaumont whose personal information and/or protected health information was compromised in the Incident announced by HealthEC in December 2023. The Settlement Class specifically excludes: (i) each of the Defendants and their respective officers and directors; (ii) the Judge and/or Magistrate assigned to evaluate the fairness of this settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Incident or who pleads *nolo contender* to any such charge.

1.34   "**Settlement Class Member(s)**" means all Persons meeting the definition of the Settlement Class who do not timely and validly request exclusion from the Settlement Class.

1.35   "**Settlement Website**" means a website, the URL for which to be mutually selected by the Settling Parties, that will inform Settlement Class of the terms of this Settlement Agreement, their rights, dates, and deadlines and related information, as well as provide Settlement Class Members with the ability to submit a Claim online.

1.36   "**Settling Parties**" means, collectively, Defendants and Plaintiffs, individually and on behalf of the Settlement Class, and all Released Parties.

1.37   "**Short Form Notice**" means the short form notice of the proposed class action settlement, substantially in the form as shown in Exhibit C attached hereto. The Short Form Notice will direct recipients to the Settlement Website and inform Settlement Class Members of, among other things, the Claims Deadline, the Opt-Out and Objection Dates, and the date of the Final Fairness Hearing.

1.38   "**Unknown Claims**" means any of the Released Claims that Plaintiffs do not know or suspect to exist in their favor at the time of the release of the Released Parties that, if known by

- 9 -

them, might have affected their settlement with, and release of, the Released Parties, or might have affected their decision not to object to and/or to participate in this Settlement Agreement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Plaintiffs intend to and expressly shall have waived the provisions, rights, and benefits conferred by California Civil Code § 1542 (or any similar comparable, or equivalent provision of any federal, state or foreign law, or principle of common law which is similar, comparable, or equivalent to California Civil Code § 1542), which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims. The Settling Parties acknowledge that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

## 2.    The Common Fund

2.1    Defendants severally shall deposit or cause to be deposited the total sum of the Common Fund to the Escrow Account to establish the Common Fund, which will be funded as follows: (1) Three Hundred Thirty-Three Thousand Two Hundred Fifty Dollars and Zero Cents ($333,250.00) by HealthEC within 14 days of the entry of the Preliminary Approval Order to pay for Notice and Settlement Administration Costs; (2) Two Million Nine Hundred Ninety-Nine Thousand Two Hundred Fifty Dollars and Zero Cents ($2,999,250.00) by Health EC within 30 days of the entry of the Preliminary Approval Order; (3) One Hundred Thirty Thousand Dollar

and Zero Cents ($130,000.00) by Corewell within 14 days of the entry of the Preliminary Approval Order; (4) One Million One Hundred Seventy Thousand Dollars and Zero Cents ($1,170,000.00) by Corewell within 30 days of the entry of the Preliminary Approval Order; (5) Thirty-Five Thousand Dollars and Zero Cents ($35,000.00) by Beaumont within 14 days of the entry of the Preliminary Approval Order; (6) Three Hundred Fifteen Thousand Dollars and Zero Cents ($315,000.00) by Beaumont within 30 days of the entry of the Preliminary Approval Order; (7) Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) by MD Valuecare within 14 days of the entry of the Preliminary Approval Order; (8) Two Hundred Twenty-Five Thousand Dollars and Zero Cents ($225,000.00) by MD Valuecare within 30 days of the entry of the Preliminary Approval Order; (9) Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) by Community Health within 14 days of the entry of the Preliminary Approval Order; and (10) Two Hundred Twenty-Five Thousand Dollars and Zero Cents ($225,000.00) by Community Health within 30 days of the entry of the Preliminary Approval Order. Defendants shall only be responsible for their respective, several share of the Common Fund in the amount, time and manner as set forth above. In no event will Defendants be obligated to fund more than the amount of the Common Fund or more than the respective contributions of each Defendant as set forth above.

2.2     The Common Fund shall be used to pay, in the following order: (i) Notice and Settlement Administration Costs, including any expenses, taxes and tax-related expenses related to maintenance of the Escrow Account; (ii) Service Awards approved by the Court; (iii) Attorneys' Fees and Expenses approved by the Court; and (iv) Settlement benefits for the Settlement Class Members as provided for in the Settlement Benefits Plan and as approved by the Settlement Administrator. Any amount remaining in the Common Fund after payment of all of the above shall be paid as set forth in the Settlement Benefits Plan and as approved by the Court. No amounts

may be withdrawn from the Common Fund unless expressly authorized by this Agreement or approved by the Court.

2.3     The Common Fund is non-reversionary. As of the Effective Date, all rights of Defendants in or to the Common Fund shall be extinguished, except in the event this Settlement Agreement is terminated or if approval is reversed on appeal, as described in Paragraphs 12.2 and 12.3.

2.4     The Parties agree that the Escrow Account containing the Common Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468B-1, and that the Escrow Agent shall invest the Common Fund exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government. Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent. All risks related to the investment of the Common Fund shall be borne solely by the Common Fund. Further, the Escrow Agent, within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Common Fund and paying from the Common Fund any taxes and tax-related expenses owed with respect to the Common Fund. The Parties agree that the Common Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Common Fund as a qualified settlement fund from the earliest date possible. The Settlement Administrator shall provide an accounting of any and all funds in the Common Fund, including

- 12 -

any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

2.5    The Common Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Common Fund is distributed pursuant to this Settlement Agreement or the balance returned to those who paid the Common Fund in the event this Settlement Agreement is terminated in accordance with Paragraph 12.3.

2.6    Taxes and tax-related expenses relating to the Common Fund shall be timely paid by the Escrow Agent out of the Common Fund without prior order of the Court. Further, the Common Fund shall indemnify and hold harmless the Parties, their counsel, and their insurers and reinsurers for taxes and tax-related expenses (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Settlement Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Common Fund. Each Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds in connection with his, her or its benefits under this settlement.

3.    **Notice and Settlement Administration**

3.1    All Notice and Settlement Administration Costs, including, without limitation, all fees and expenses of the Settlement Administrator, shall be paid from the Common Fund.

3.2    Within 14 days after entry of the Preliminary Approval Order, Provider Defendants will provide to the Settlement Administrator their respective Class List(s) that include(s) the full names and current or last known mailing addresses and, to the extent practicable, email addresses

for each individual in the Settlement Class. The Parties agree that, to the extent Defendants have email addresses for the Settlement Class, email notice is the best notice practicable under the circumstances under Fed. R. Civ. P. 23(c)(2)(B).

3.3     The Settlement Administrator will be responsible for administering all aspects of the Settlement Agreement. At least one of Plaintiffs' counsel and counsel for Defendants shall be included on all substantive communications with the Settlement Administrator concerning the form and content of Class Notice to the Settlement Class whether written or oral.  The Settlement Administrator may consult Plaintiffs' counsel on decisions regarding claims administration, but must consult with Plaintiffs' counsel and counsel for Defendants on material decisions regarding claims administration.

3.4     The Parties, Class Counsel, Defendants' Counsel, and Defendants' insurers and reinsurers shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Common Fund; (iii) the formulation, design or terms of the disbursement of the Common Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Common Fund; (v) any losses suffered by or fluctuations in the value of the Common Fund; or (vi) the payment or withholding of any taxes or tax-related expenses from the Common Fund.

3.5     The Settlement Administrator shall indemnify and hold harmless the Parties, Class Counsel, Defendants' Counsel, and Defendants' insurers and reinsurers for (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Settlement Benefits Plan and the administration of the Settlement; (ii)

- 14 -

the management, investment or distribution of the Common Fund; (iii) the formulation, design or terms of the disbursement of the Common Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Common Fund; (v) any losses suffered by, or fluctuations in the value of the Common Fund; or (vi) the payment or withholding of any taxes or tax-related expenses from the Common Fund.

**4.      Opt-Out Procedures**

4.1      Each Person wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Settlement Administrator. The written notice must clearly manifest the Person's intent to opt-out of the Settlement Class and must include the name of the proceeding, the individual's full name, current address, telephone number, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement. So-called "mass" or "class" opt-outs shall not be allowed. To be effective, written notice must be postmarked no later than 21 days before the Final Fairness Hearing.

4.2      All Persons who submit valid and timely notices of their intent to opt-out of the Settlement Class, as set forth in Paragraph 4.1 above, referred to herein as "Opt-Outs," shall not receive any benefits of or be bound by the terms of this Settlement Agreement. All Settlement Class Members (persons falling within the definition of the Settlement Class who do not opt-out of the Settlement Class in the manner set forth in Paragraph 4.1 above) shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

4.3      The Notice must clearly state that any Settlement Class Member who does not file a timely Opt-Out request in accordance with this Section will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement.

4.4     Within seven (7) days after the deadline for Opt-Outs as set forth in this Section and as approved by the Court, the Settlement Administrator shall furnish to counsel for the Parties a complete list of all timely and valid Opt-Outs. In the event that the Settlement Administrator receives more than 1,000 Opt-Outs, Defendant(s) shall have the right to terminate the Settlement Agreement in its entirety. Defendant(s) may exercise this right by notifying Class Counsel in writing and must exercise this right within seven (7) days of receipt of the Opt-Outs list from the Settlement Administrator. If Defendant(s) void(s) the Agreement pursuant to this Paragraph, Defendant(s) shall be obligated to pay all settlement expenses already incurred, excluding any attorneys' fees, costs, and expenses of Class Counsel and service awards.

4.5     If a Person submits both a claim and an Opt-Out, the Settlement Administrator will advise such Person via email, unless there is no email address for the Person, in which case the notification shall be via mail, and request that the Person withdraw either the claim or the Opt-Out.  If such Person does not withdraw the claim or Opt-Out within seven (7) days, the Person will be deemed to have waived and withdrawn the Opt-Out and shall be treated as a Settlement Class Member for all purposes.

4.6     The Parties and their respective counsel agree that they will make no effort to suggest, solicit, facilitate, or otherwise encourage a Person to Opt-Out of the Settlement Class.

**5.     Objection Procedure**

5.1     Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection by the Objection Date. Such notice shall state: (i) the objector's full name, address, telephone number, and email address; (ii) the case name and docket number: *In re In re HealthEC Data Breach Litig.*, No. 24-cv-00026 (JKS) (SDA) (D.N.J.); (iii) information identifying the objector as a Settlement Class Member, including proof

- 16 -

that the objector is a member of the Settlement Class; (iv) a written statement of all grounds for the objection, including whether the objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) the identity of all class action cases in which the objector or his or her counsel has objected; (vii) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and (viii) the objector's signature. To be timely, written notice of an objection in the appropriate form must be received, no later than 21 days before the Final Fairness Hearing, by the Settlement Administrator at the Post Office box designated in the Long Form Notice. The objector or his or her counsel may also file their objection with the Court through the Court's ECF system, with service on Plaintiffs' Counsel and Defendants' Counsel, to be made through the ECF system. For all objections mailed to Settlement Administrator, Plaintiffs' Counsel will file them with the Court as an exhibit to Plaintiffs' motion for final approval.

5.2    Any Settlement Class Member who fails to comply with the requirements for objecting in Paragraph 5.1 shall waive and forfeit any and all rights he or she may have to appear separately and to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of Paragraph 5.1. Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

### 6.    Confirmatory Discovery

6.1    Within thirty (30) days of the Preliminary Approval Order, HealthEC will provide confidential confirmatory discovery to Plaintiffs' Counsel and counsel for the Provider Defendants establishing its financial condition that will include: (1) HealthEC's internal profit and loss financial statement for the year ending 2023; (2) HealthEC's internal profit and loss financial statement for the year 2024; and (3) documentation regarding the $3 million promissory note entered into between HealthEC and a third-party.

6.2    The information provided by HealthEC pursuant to this Paragraph 6 shall be treated as confidential and cannot be used for any purpose other than enforcement of this Settlement Agreement.

### 7.    Settlement Class Certification

7.1    The Settling Parties agree, for purposes of this settlement only, to the certification of the Settlement Class under Fed.  R. Civ.  P. 23(b)(3). If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue. The Settling Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved. Defendants reserve the right to contest class certification for all other purposes.

- 18 -

7.2     The Parties acknowledge that there has been no stipulation or agreement as to the class or certification for any purpose other than effectuating the settlement, and that if the Effective Date, for whatever reason. fails to occur, any stipulation or agreement as to the class or certification becomes null and void *ab initio*; this Settlement Agreement or any other settlement-related statement shall not be cited in support of an argument for certifying any class for any purpose related to this Action or any other proceeding; and any orders preliminarily or finally approving the certification of any class contemplated by the Settlement Agreement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity in support of claims or defenses or in support or in opposition to a class certification motion.

**8.     Releases**

8.1     Upon the Effective Date, each Settlement Class Member, including Plaintiffs, and any and all of their respective present or past heirs, executors, estates, administrators, successors, and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiffs, and any and all of their respective present or past heirs, executors, estates, administrators, successors, and assigns, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

8.2     The Released Claims include the release of Unknown Claims.  Upon the Effective Date, Plaintiffs and the Settlement Class Members shall be deemed to have, and shall have,

expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code.

8.3     Upon the Effective Date, Plaintiffs and the Settlement Class Members shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by this Agreement or by the Final Approval Order.  It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this section.

8.4     Each Defendant, on behalf of itself and its respective insurers, reinsurers, attorneys, members, partners, shareholders, directors, officers, employees, investors, affiliates, heirs, representatives, successors, and assigns, hereby fully, completely and finally waives, releases, remises, acquits, and forever discharges and covenants not to sue any and/or all of the other Defendants, as well as their respective insurers, reinsurers, attorneys, members, partners, shareholders, directors, officers, employees, investors, affiliates, heirs, representatives, successors, and assigns, with respect to any and all actions, causes of action, suits, debts, sums of money, accounts, covenants, contracts, controversies, agreements, promises, damages, judgments, claims, counterclaims, third-party claims, and demands whatsoever, in law, or in equity, which the releasor Defendant has and/or had as of the Effective Date related to and/or arising out of the Incident and/or Litigation.  However, the releases among Defendants as set forth in this Paragraph shall not apply to any future claims and/or actions relating to the Incident and/or the Litigation.

8.5     Upon the Effective Date, Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged, Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' Counsel, of all claims, including Unknown Claims, based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Litigation, except for enforcement of the Settlement Agreement. Any other claims or defenses Defendants may have against such Persons including, without limitation, any claims based upon or arising out of any contractual, employment, or other business relationship with such Persons that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Litigation are specifically preserved and shall not be affected by the preceding sentence.

9.      **Plaintiffs' Counsel's Attorneys' Fees and Expenses and Service Award Payments to Plaintiffs**

9.1     The Parties have agreed that, as part of the Settlement, the Court shall determine the amount of any award of Attorneys' Fees and Expenses to be paid from the Common Fund.

9.2     Plaintiffs' Counsel shall submit a motion to the Court requesting an award of Attorneys' Fees and Expenses, plus accrued interest thereon, no later than 35 days before the Final Fairness Hearing (14 days before the Objection and Opt-Out Dates).

9.3     Any Attorneys' Fees and Expenses awarded by the Court shall be paid from the Escrow Account to Plaintiffs' Counsel within five (5) calendar days of an order awarding such fees, notwithstanding the existence of any timely-filed objections thereto, or potential for appeal therefrom, or collateral attack on the settlement or any part thereof, subject to Plaintiffs' counsel's several obligation to make appropriate refunds or repayments to the Escrow Account plus interest earned thereon, if, and when, as a result of any appeal or further proceedings on remand, or successful collateral attack, the fee or expense award is lowered or the Settlement disapproved by

a final order not subject to further review. Any Attorneys' Fees or Expenses awarded by the Court shall be paid from the Escrow Account for the Common Fund.

9.4     Plaintiffs' Counsel, through the Chair of the Executive Committee and Liaison Counsel, may allocate such fees to all eligible Plaintiffs' counsel subject to each Plaintiffs' counsel's (including their respective partners, shareholders and firms) several obligation to repay those amounts to the Escrow Account plus accrued interest earned on such fees and expenses, if and when, whether as a result of any appeal or further proceedings on remand, or successful collateral attack or otherwise, the fee or expense award is reduced or reversed or return of the Common Fund is required. In such event, Plaintiffs' counsel shall refund to the Common Fund the fee and expense award paid to them, along with interest, as described above, in an amount consistent with such reversal or modification. Furthermore, all Plaintiffs' counsel (including their respective partners, shareholders and firms) agree that they remain subject to the continuing jurisdiction of the Court for the purpose of enforcing their obligation to repay required attorneys' fees and expenses to the Common Fund as provided in this paragraph.

9.5     To the extent applicable, and unless otherwise ordered by the Court, Class Counsel shall have the sole and absolute discretion to allocate any Attorneys' Fees and Expenses awarded by the Court amongst Plaintiffs' counsel and any other attorneys for Plaintiffs.  Defendants and their insurers and reinsurers shall have no liability or other responsibility for allocation of any such attorneys' fees and costs.

9.6     Plaintiffs may move the Court for Service Awards payments in an amount up to $2,500.00 to each individual Plaintiff in light of Plaintiffs' institution, prosecution, and substantial participation in the Litigation to be paid from the Common Fund. If the Court awards less than Plaintiffs' request in service awards or attorneys' fees and expenses, the difference will remain in

the Common Fund to be used for the benefit of the Settlement Class Members. Service awards ordered by the Court shall be paid within twenty (20) calendar days of the Effective Date of the Settlement.

9.7    In the event the Court declines to approve, in whole or in part, the payment of attorneys' fees and costs and expenses and/or the payment of service awards in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect.  No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the attorneys' fees and costs and/or service awards shall constitute grounds for termination of this Agreement.

9.8    Except for any Attorneys' Fees or Expenses paid out of the Common Fund as set forth herein and approved by the Court, Plaintiffs and Settlement Class Members shall be responsible for their own attorney's fees and all expenses and costs associated with the Action.

**10.    Preliminary Approval Order**

10.1    Plaintiffs' Counsel will file a motion for preliminary approval of the settlement with the Court, attaching as an exhibit this Settlement Agreement and requesting entry of a proposed Preliminary Approval Order, including the timeline provided in Exhibit A, requesting, *inter alia*:

(a)    certification of the Settlement Class for settlement purposes only pursuant to Paragraph 7.1;

(b)    preliminary approval of the Settlement Agreement, including the Releases, as set forth herein;

(c)    appointment of Plaintiffs' Counsel to represent the Settlement Class;

(d)    appointment of Plaintiffs as Settlement Class Representatives;

- 23 -

(e)      approval of the Short Form Notice to be emailed, or mailed where no email is available, to the Settlement Class;

(f)      approval of the Long Form Notice to be posted on the Settlement Website, which, together with the Short Form Notice, shall include a fair summary of the Parties' respective positions, statements that the persons in the Settlement Class are entitled to benefits under the settlement, the general terms of the settlement set forth in the Settlement Agreement, instructions for how to object to or opt-out of the settlement, instructions for making Claims to the extent contemplated herein, and the date, time, and place of the Final Fairness Hearing;

(g)      approval of the Claim Form to be used by Settlement Class Members to make a Claim;

(h)      preliminary approval of the notice plan and the Settlement Benefits Plan; and

(i)      appointment of Verita Global, LLC as the Settlement Administrator.

**11.      Settlement Administration and Settlement Class Notice**

11.1    Notice shall be provided to the Settlement Class by the Settlement Administrator as follows:

(a)      No later than 14 days after entry of the Preliminary Approval Order, Defendants shall provide the Settlement Administrator with their respective Class List(s). The Class List shall be used by the Settlement Administrator solely for the purpose of performing its obligations pursuant to this Agreement and shall not be used for any other purpose at any time. Except to administer the settlement as provided in this Settlement Agreement or provide data and information in its possession to the Settling Parties upon request, the Settlement Administrator shall not reproduce, copy, store, or distribute in any form, electronic or otherwise, the Class List;

- 24 -

(b)     Prior to the dissemination of Notice, the Settlement Administrator shall establish the Settlement Website that will inform the Settlement Class of the terms of this Settlement Agreement, their rights, applicable dates and deadlines, and related information. The Settlement Website shall include, in .pdf format and available for download, at least the following documents: (i) the Short Form Notice; (ii) the Long Form Notice; (iii) the Claim Form; (iv) the Preliminary Approval Order; (v) this Settlement Agreement; (vi) Plaintiffs' Motion for Attorneys' Fees and Expenses and Plaintiffs' Motion for Service Awards and (vii) any other materials agreed upon by the Parties or required by the Court. The Settlement Website shall provide Settlement Class Members with the ability to complete and submit the Claim Form electronically. The Settlement Website shall be deactivated 30 days following distribution of all settlement benefits pursuant to the Settlement Benefits Plan;

(c)     Short Form Notice: Within 45 days after the entry of the Preliminary Approval Order ("Notice Date"), and subject to the requirements of this Settlement Agreement and the Preliminary Approval Order, the Settlement Administrator will provide the Short Form Notice to the Settlement Class via email, or via mail where no email address is available in Defendants' possession. Before any emailing, or mailing, under this paragraph occurs, the Settlement Administrator shall run the postal addresses from the Class List through the United States Postal Service ("USPS") National Change of Address database to update any change of address on file with the USPS;

(d)     In the event that a Short Form Notice is returned to the Settlement Administrator, either by bounce back of the email or by the USPS because the address of the recipient is no longer valid, and the envelope contains a forwarding address, the Settlement

- 25 -

Administrator shall re-send the Short Form Notice to the forwarding address within a reasonable period of time after receiving the returned Short Form Notice;

(e)    In the event that subsequent to the first emailing or mailing of a Short Form Notice, and at least 14 days prior to the Opt-Out Date and Objection Date, a Short Form Notice is returned to the Settlement Administrator by bounce back of the email or by the USPS because the address of the recipient is no longer valid, *i.e.*, the envelope is marked "Return to Sender" and does not contain a new forwarding address, the Settlement Administrator shall perform a standard skip trace, in the manner that the Settlement Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular Settlement Class Member in question and, if such an address is ascertained, the Settlement Administrator will re-send the Short Form Notice within seven days of receiving such information. This shall be the final requirement for mailing;

(f)    Publishing, on or before the Notice Date, the Claim Form, Long Form Notice and this Settlement Agreement on the Settlement Website, as specified in the Preliminary Approval Order, and maintaining and updating the website throughout the claim period;

(g)    A toll-free help line with an IVR system and live agents shall be made available to provide the Settlement Class with additional information about the settlement. The Settlement Administrator also will provide copies of the Long Form Notice and paper Claim Form, as well as this Settlement Agreement, upon request; and

(h)    Contemporaneously with seeking Final Approval of the Settlement, Plaintiffs' Counsel shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with these provisions regarding notice.

11.2    The Settlement Administrator, on behalf of Defendants, shall timely serve notice of the settlement to the extent required by CAFA, 28 U.S.C. § 1715.  Any and all costs and fees related to any notice of the settlement required by CAFA shall be paid out of the Common Fund.

11.3    The Settlement Administrator shall administer and calculate the Claims submitted by Settlement Class Members pursuant to the Settlement Benefits Plan. The Settlement Administrator shall provide Plaintiffs' Counsel and Defendants' Counsel reports as to both claims and distribution, and Plaintiffs' Counsel and Defendants' Counsel have the right to review and obtain supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate. The Settlement Administrator's determination of whether a Claim is a valid shall be binding, subject to the process set forth in the Settlement Benefits Plan.

11.4    All Settlement Class Members who fail to timely submit a Claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein, and the Judgment.

11.5    No Person shall have any claim against the Settlement Administrator, Defendants, Plaintiffs' Counsel, Plaintiffs, Defendants' Counsel or Defendants' insurers and reinsurers based on distributions of benefits to Settlement Class Members as provided for herein.

**12.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

12.1    The Effective Date of the settlement shall be conditioned on the occurrence of all of the following events:

(a)    the Court has entered the Preliminary Approval Order as required by Paragraph 10.1;

- 27 -

(b)    the Court has entered the Judgment granting Final Approval to the settlement as set forth herein;

(c)    the Judgment has become Final and no longer subject to appeal, as defined in Paragraph 1.15; and

(d)    Defendants' failure to exercise their right(s) to terminate this Agreement as set forth in Paragraph 4.4.

12.2    If all conditions specified in Paragraph 12.1 hereof are not satisfied, the Settlement Agreement shall be canceled and terminated subject to Paragraph 12.3 unless Plaintiffs' Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement Agreement.

12.3    In the event that the Settlement Agreement, the Exhibits attached hereto, or the releases set forth in Paragraphs 8.1 through 8.5. above are not approved or are materially modified by the Court or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms: (i) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel, (ii) money remaining in the Common Fund less amounts already billed or incurred for Notice and Settlement Administration Costs will be returned to the Defendants on a *pro rata* basis, and (iii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.  Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal

- 28 -

of any order reducing the amount of attorneys' fees and expenses shall constitute grounds for cancellation or termination of the Settlement Agreement.

12.4    Each Defendant shall warrant and represent that it is not "insolvent" within the meaning of 11 U.S.C. § 101(32) as of the time the Settlement Agreement is executed. In the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Common Fund, or any portion thereof, by or on behalf of any Defendant to be a preference, voidable transfer, fraudulent transfer, or similar transaction under Title 11 of the United States Code (Bankruptcy) or applicable state law and any portion thereof is required to be refunded and such amount is not promptly deposited in the Escrow Account by or on behalf of any other person or entity, then, at the election of Plaintiffs' Counsel, the settlement may be terminated and the releases given and the judgment entered in favor of Defendant pursuant to the settlement shall be null and void and Plaintiffs may proceed in the Action as if the settlement were never entered into.

**13.    Notices**

13.1    All notices to Plaintiffs' Counsel provided in this Settlement Agreement shall be sent by e-mail and First Class mail to:

Norman E. Siegel
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
siegel@stuevesiegel.com

James E. Cecchi
Carella Byrne Cecchi Brody Angnello, P.C.
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
jcecchi@carellabyrne.com

- 29 -

13.2    All notices to Defendants' Counsel provided in this Settlement Agreement shall be

sent by e-mail and First Class mail to:

For Defendant HealthEC:

Eric C. Weissman
Connell Foley LLP
875 Third Avenue, 21st Floor
New York, NY  10022
eweissman@connellfoley.com
For Defendant Community Health Systems:

William W. Cheney
Freeman Mathis & Gary, LLP
3 Executive Campus, Suite 350
Cherry Hill, NJ 08002
wcheney@fmglaw.com

For Defendant Corewell:

Michael G. Latiff
Timothy J. Lowe
McDonald Hopkins, PLC
39533 Woodward Ave., Suite 318
Bloomfield Hills, MI 48304
mlatiff@mcdonaldhopkins.com
tlowe@mcdonaldhopkins.com

For Defendant MD Valuecare:

John T. Mills
Gordon Rees Scully Mansukhani LLP
One Battery Park Plaza, 28th Floor
New York, NY 10004
jtmills@grsm.com

For Defendant Beaumont:

Cinthia Granados Motley
Melanie J. Chico

Dykema Gossett PLLC
10 S. Wacker Drive, Suite 2300
Chicago, IL 60606
cmotley@dykema.com
mchico@dykema.com

## 14.    Miscellaneous Provisions

14.1    The Settling Parties (i) acknowledge that it is their intent to consummate this agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

14.2    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between the Settling Parties with respect to the Litigation. The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Parties agree that throughout the course of the Litigation, all Parties and their counsel complied with the provisions of Federal Rule of Civil Procedure 11 and that the Action is being settled voluntarily by the Parties after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis. It is agreed that no Party shall have any liability to any other Party as it relates to the Litigation, except as set forth herein.

14.3    Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence

- 31 -

of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Any of the Released Parties may file the Settlement Agreement and the Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.4    The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

14.5    This Agreement contains the entire understanding between Defendants and Plaintiffs regarding settlement of the Litigation and supersedes all previous  negotiations, agreements, commitments, understandings,  and  writings between Defendants and Plaintiffs in connection with settlement of the Litigation.  Except as otherwise provided herein, each party shall bear its own costs.

14.6    Plaintiffs' Counsel and Defendants' Counsel shall not, at any time, make disparaging public statements regarding the Settlement or the Action, apart from within filings and arguments to the Court as necessary to obtain preliminary or final approval of the Settlement.

14.7    Any exhibits to this Settlement Agreement and any exhibits thereto are a material part of the settlement and are incorporated and made a part of the Settlement Agreement.

14.8    The Settlement Agreement, including all exhibits hereto, shall constitute the entire Settlement among the Parties regarding the subject matter hereof and shall supersede any previous agreements, representations, communications and understandings among the Parties. This Settlement Agreement may not be changed, modified, or amended except in writing signed by all Parties

14.9    Plaintiffs' Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiffs to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any non-material modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

14.10    Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

14.11    The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

14.12    The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

14.13    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

14.14    As used herein, "he" means "he, she, or it;" "his" means "his, hers, or its," and "him" means "him, her, or it."

14.15    All dollar amounts are in United States dollars (USD).

14.16    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

- 33 -

## SIGNATURES OF THE PARTIES

**ALLAN BISHOP**

BY: *Alan Bishop*_____    DATE: _____

**CAROLINE CAPPAS**

BY: _____    DATE: _____

**JESSICA FENN**

BY: _____    DATE: _____

**KEITH FIELDER**

BY: _____    DATE: _____

**JONI FIELDER**

BY: _____    DATE: _____

**GREGORY LEEB**

BY: _____    DATE: _____

**MINDY MARKOWITZ**

BY: _____    DATE: _____

**STUEVE SIEGEL HANSON LLP**

BY: _____    DATE: _____

NAME: _____

TITLE: _____

**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**

BY: _____    DATE: _____

NAME: _____

TITLE: _____

## SIGNATURES OF THE PARTIES

**ALLAN BISHOP**

BY: _____          DATE: _____

**CAROLINE CAPPAS**

BY: _Caro Cpas_____          DATE: _____
Caroline Cappas (Mar 3, 2025 11:49 EST)

**JESSICA FENN**

BY: _____          DATE: _____

**KEITH FIELDER**

BY: _____          DATE: _____

**JONI FIELDER**

BY: _____          DATE: _____

**GREGORY LEEB**

BY: _____          DATE: _____

**MINDY MARKOWITZ**

BY: _____          DATE: _____

**STUEVE SIEGEL HANSON LLP**

BY: _____          DATE: _____

NAME: _____

TITLE: _____

**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**

BY: _____          DATE: _____

NAME: _____

TITLE: _____

- 34 -

## SIGNATURES OF THE PARTIES

**ALLAN BISHOP**

BY: _____        DATE: _____

**CAROLINE CAPPAS**

BY: _____        DATE: _____

**JESSICA FENN**

BY: _____        DATE: Mar 3, 2025
Jessica Fenn (Mar 3, 2025 17:03 EST)                    _____

**KEITH FIELDER**

BY: _____        DATE: _____

**JONI FIELDER**

BY: _____        DATE: _____

**GREGORY LEEB**

BY: _____        DATE: _____

**MINDY MARKOWITZ**

BY: _____        DATE: _____

**STUEVE SIEGEL HANSON LLP**

BY: _____        DATE: _____

NAME: _____

TITLE: _____

**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**

BY: _____        DATE: _____

NAME: _____

TITLE: _____

## <u>SIGNATURES OF THE PARTIES</u>

**ALLAN BISHOP**

BY: _____    DATE: _____

**CAROLINE CAPPAS**

BY: _____    DATE: _____

**JESSICA FENN**

BY: _____    DATE: _____

**KEITH FIELDER**

BY: _____    DATE: _____03 / 03 / 2025_____

**JONI FIELDER**

BY: _____    DATE: _____03 / 03 / 2025_____

**GREGORY LEEB**

BY: _____    DATE: _____

**MINDY MARKOWITZ**

BY: _____    DATE: _____

**STUEVE SIEGEL HANSON LLP**

BY: _____    DATE: _____

NAME: _____

TITLE: _____

**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**

BY: _____    DATE: _____

NAME: _____

TITLE: _____

- 34 -

Doc ID: 308b806d3460dbf72a739897367c5aa454de9ab7

## SIGNATURES OF THE PARTIES

**ALLAN BISHOP**

BY: _____          DATE: _____

**CAROLINE CAPPAS**

BY: _____          DATE: _____

**JESSICA FENN**

BY: _____          DATE: _____

**KEITH FIELDER**

BY: _____          DATE: _____

**JONI FIELDER**

BY: _____          DATE: _____

**GREGORY LEEB**

BY: _____          DATE: Mar 3, 2025
Gregory Leeb (Mar 3, 2025 12:51 EST)

**MINDY MARKOWITZ**

BY: _____          DATE: _____

**STUEVE SIEGEL HANSON LLP**

BY: _____          DATE: _____

NAME: _____

TITLE: _____

**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**

BY: _____          DATE: _____

NAME: _____

TITLE: _____

- 34 -

## SIGNATURES OF THE PARTIES

**ALLAN BISHOP**

**BY:** _____    **DATE:** _____

**CAROLINE CAPPAS**

**BY:** _____    **DATE:** _____

**JESSICA FENN**

**BY:** _____    **DATE:** _____

**KEITH FIELDER**

**BY:** _____    **DATE:** _____

**JONI FIELDER**

**BY:** _____    **DATE:** _____

**GREGORY LEEB**

**BY:** _____    **DATE:** _____

**MINDY MARKOWITZ**

*Mindy Markowitz*
**BY:** Mindy Markowitz (Mar 5, 2025 15:39 EST)    **DATE:** 03/05/2025
_____

**STUEVE SIEGEL HANSON LLP**

**BY:** _____    **DATE:** _____

**NAME:** _____

**TITLE:** _____

**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**

**BY:** _____    **DATE:** _____

**NAME:** _____

**TITLE:** _____

**HEALTHEC, LLC**

BY: _____     DATE: 2/27/2025

NAME: CHRISTOPHER J CARAMANICO

TITLE: CEO


**COMMUNITY HEALTH CARE SYSTEMS, INC.**

BY: _____     DATE: _____

NAME: _____

TITLE: _____

**COREWELL HEALTH D/B/A COREWELL**

BY: _____     DATE: _____

NAME: _____

TITLE: _____

**MD VALUECARE, LLC**

BY: _____     DATE: _____

NAME: _____

TITLE: _____

**OAKWOOD ACCOUNTABLE CARE ORGANIZATION, LLC D/B/A BEAUMONT ACO**

BY: _____     DATE: _____

NAME: _____

TITLE: _____

**HEALTHEC, LLC**

BY: _____    DATE: _____

NAME: _____

TITLE: _____


**COMMUNITY HEALTH CARE SYSTEMS, INC.**

BY: *Carla Belcher* _____    DATE: 3/17/2025 _____

NAME: Carla Belcher _____

TITLE: CHief Executive Officer _____

**COREWELL HEALTH D/B/A COREWELL**

BY: _____    DATE: _____

NAME: _____

TITLE: _____

**MD VALUECARE, LLC**

BY: _____    DATE: _____

NAME: _____

TITLE: _____

**OAKWOOD ACCOUNTABLE CARE ORGANIZATION, LLC D/B/A BEAUMONT ACO**

BY: _____    DATE: _____

NAME: _____

TITLE: _____

**HEALTHEC, LLC**

BY:_____          DATE: _____

NAME: _____

TITLE: _____


**COMMUNITY HEALTH CARE SYSTEMS, INC.**

BY:_____          DATE: _____

NAME: _____

TITLE: _____

**COREWELL HEALTH D/B/A COREWELL**

BY: _____          DATE:____March 4, 2025____

NAME: ___Sara Conn___

TITLE: ___VP & Deputy General Counsel___

**MD VALUECARE, LLC**

BY:_____          DATE: _____

NAME: _____

TITLE: _____

**OAKWOOD ACCOUNTABLE CARE ORGANIZATION, LLC D/B/A BEAUMONT ACO**

BY: _____          DATE: _____

NAME: _____

TITLE: _____

**HEALTHEC, LLC**

BY: _____          DATE: _____

NAME: _____

TITLE: _____

**COMMUNITY HEALTH CARE SYSTEMS, INC.**

BY: _____          DATE: _____

NAME: _____

TITLE: _____

**COREWELL HEALTH D/B/A COREWELL**

BY: _____          DATE: _____

NAME: _____

TITLE: _____

**MD VALUECARE, LLC**

BY: _____          DATE: March 3, 2025 | 10:20 AM PST
                                                       _____

NAME: Ann Honeycutt
_____

TITLE: Executive Director
_____

**OAKWOOD ACCOUNTABLE CARE ORGANIZATION, LLC D/B/A BEAUMONT ACO**

BY: _____          DATE: _____

NAME: _____

TITLE: _____

- 35 -

**HEALTHEC, LLC**

BY: _____          DATE: _____

NAME: _____

TITLE: _____


**COMMUNITY HEALTH CARE SYSTEMS, INC.**

BY: _____          DATE: _____

NAME: _____

TITLE: _____

**COREWELL HEALTH D/B/A COREWELL**

BY: _____          DATE: _____

NAME: _____

TITLE: _____

**MD VALUECARE, LLC**

BY: _____          DATE: _____

NAME: _____

TITLE: _____

**OAKWOOD ACCOUNTABLE CARE ORGANIZATION, LLC D/B/A BEAUMONT ACO**

BY: _*Walter Lorang (signature)*_          DATE: _3-7-25_

NAME: _Walter Lorang_

TITLE: _Executive Director & COO_

- 35 -

# EXHIBIT A

\*BARCODE\*

| **Must be postmarked or submitted online NO LATER THAN XXXXXXX, 2025.** |
| --- |

*In re HealthEC Data Breach Litig.*
Claims Administrator
P.O. Box 00000
Los Angeles, CA 90000-0000
www.website.com

## HealthEC Customer Data Security Breach Claim Form

### SETTLEMENT BENEFITS – WHAT YOU MAY GET

If you were a U.S. resident whose private information was compromised in the data breach announced by HealthEC in December 2023, you may submit a claim for benefits of the Settlement.

**The easiest way to submit a claim and request electronic payment is to fill out this Claim Form and submit it online at www.website.com,** or you can complete and mail this claim form to the mailing address above. If you mail this claim form, you will receive your payment via check. If you want to receive an electronic payment, you must file your claim online.

**You may submit a claim for one or more of these benefits AND pre-enroll in Medical Shield Complete:**

**Monitoring Service.** Use this Claim Form to pre-enroll in three years of Medical Shield Complete. Once the Settlement is approved and becomes final, you will receive an email reminding you of your enrollment code and containing instructions on how to complete the enrollment process and begin this service when it becomes available. For a comprehensive list of the benefits this service provides, please see the Class Notice and/or FAQ # XX at www.website.com.

**Cash Benefits.** Use this Claim Form to request money for Out-of-Pocket Losses and/or Lost Time OR an Alternative Cash Payment.

1. **Out-of-Pocket Loss Claims:** If you spent money related to the Incident on or after July 14, 2023, through the date you are submitting this Claim Form, for which you have not been reimbursed, you can receive reimbursement for documented approved costs. These costs are limited to: (a) unreimbursed costs, expenses, losses or charges incurred as a result of identity theft or identity fraud, falsified tax returns, or other alleged misuse of a Settlement Class Member's personal information; (b) costs incurred associated with placing or removing a credit freeze on a Settlement Class Member's credit file with any credit reporting agency; (c) other miscellaneous expenses related to any Out-of-Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges; and/or (d) costs of credit reports, credit monitoring, or other products related to detection or remediation of identity theft.

2. **Lost Time Claims:** If you are a Settlement Class Member <u>and</u> you have qualifying Out-of-Pocket Losses <u>and</u> you spent time remedying these issues, you may submit a claim for up to 10 hours of such time at $25 per hour. Claims for Lost Time may b e reported in 15-minute increments.

3. **Self-Certified Time Claims:** If you are a Settlement Class Member <u>and</u> you do <u>not</u> qualify for Out-of-Pocket Losses, you may submit a claim for up to 4 hours remedying misuse of or taking preventative measures for your personal information at $25 per hour.

4. **Alternative Cash Payment Claims (non-California Sub-Class Members):** If you are a Settlement Class Member <u>and</u> <u>not</u> a member of the California Sub-Class <u>and</u> you do <u>not</u> make a claim for Out-of-Pocket Losses or Lost Time, you may submit a claim to receive a $25 Alternative Cash Payment.

5. **Alternative Cash Payment Claims - California Sub-Class Members:** If you are a California Sub-Class Member <u>and</u> you do <u>not</u> make a claim for Out-of-Pocket Losses or Lost Time, you may submit a claim to receive a $50 Alternative Cash Payment.

**If you qualify, you may file a claim to receive one or more of the benefits set forth above.**

**Claims for Cash benefits must be submitted
online or mailed (and postmarked) by <mark>XXXXXX, 2025</mark>.
Use the address at the top of this form for mailed claims.**

*Please note: For claims that require documentation, the Settlement Administrator may contact you to request additional documents needed to process your claim.*

**<u>*Cash benefits are subject to pro rata reduction. Cash benefits may decrease or increase depending on the number of claims and the amount of claims submitted for Out-of-Pocket Losses and Lost or Self-Certified Time*</u>**.

For more information and answers to FAQs, a description of the monitoring program or other Settlement benefits, please visit www.<mark>website</mark>.com.

**Please note that Settlement benefits will be distributed only after the Settlement is approved by the Court, any appeal period has expired, and any appeals are resolved.**

## Your Information

*We will use this information to contact you and process your claim. It will not be used for any other purpose. If any of the following information changes, you must promptly notify us by emailing Admin@==website==.com.*

| | |
|---|---|
| **1. NAME (REQUIRED)** | <br><br>First          Mi    Last |
| **2. MAILING ADDRESS (REQUIRED):** | <br>Street Address<br><br><br>Apt. No.<br><br>_____  ___ ___  ___ ___ ___ ___ ___<br>City                  State        Zip |
| **3. CURRENT PHONE NUMBER:** | ( _____ ) _____- _____ |
| **4. EMAIL ADDRESS:**<br><br>**(REQUIRED)** | _____@_____ |
| **5. CLAIMID & PIN**<br><br>**(REQUIRED)** | ClaimID: _____<br><br>PIN: _____ |
| **6. EMAIL ADDRESS ASSOCIATED WITH HEALTHEC ACCOUNT**<br><br>**(REQUIRED IF CLAIM ID & PIN ARE NOT PROVIDED ABOVE)** | If you do not have or are unable to locate the ClaimID &PIN provided in the email you received regarding this Settlement, you must provide the email address associated with your HealthEC account.<br><br>_____@_____ |

## Medical Shield Complete

All Settlement Class Members are entitled to receive three years of this comprehensive service as a benefit of the Settlement upon enrollment. To pre-enroll in this service, check the box below to be notified when your enrollment code and service is ready for use.

An enrollment code was provided to you in the notice of Settlement you received. Once the Settlement is approved and becomes final, you may use this enrollment code to complete your enrollment in Medical Shield Complete.

Even if you do not pre-enroll at this time, by filling out this Claim Form you can still enroll for the monitoring services at any time up to or during the three years the monitoring is effective by following the instructions on the Settlement Website. If you enroll after the three-year monitoring period begins, you will only receive monitoring for the remainder of the three-year period. Information regarding how to enroll will be posted on the Settlement Website after the claims period has ended.

☐ I want to pre-enroll for three years of Medical Shield Complete and be notified when I may complete my enrollment and begin this service.

You will receive a notification email with activation instructions at the email address you provided above after the Settlement becomes final. If you would like to receive the enrollment code and instructions at an alternative email address, please provide it here.


_____@_____

## Cash Payment: Out-of-Pocket Loss Claim

If you spent money related to the Incident on or after July 14, 2023, through the date you are submitting this Claim Form, and you have not been reimbursed, you can be reimbursed for documented approved costs. These are limited to: (a) unreimbursed costs, expenses, losses or charges incurred as a result of identity theft or identity fraud, falsified tax returns, or other alleged misuse of a Settlement Class Member's personal information; (b) costs incurred associated with placing or removing a credit freeze on a Settlement Class Member's credit file with any credit reporting agency; (c) other miscellaneous expenses related to any Out-of-Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges; and/or (d) costs of credit reports, credit monitoring, or other products related to detection or remediation of identity theft.

You must submit Reasonable Documentation supporting your claim. This may include credit card statements, bank statements, invoices, telephone records, and receipts, or other documents substantiating unreimbursed costs, expenses, losses or charges as a direct result of the Incident, subject to the limitations set forth above.

Personal certifications, declarations, or affidavits do not constitute Reasonable Documentation but may be included to provide clarification, context or support for other submitted Reasonable Documentation.

Complete the section below to the best of your ability and include or attach documentation supporting your claim.

| Loss Type and Examples of Documents | Date (if known) | Amount (if known) | Description of Loss or Money Spent and Supporting Documents (Identify what you are attaching, and why it's related to the Security Incident) |
|---|---|---|---|
| Documents showing you lost money due to identity fraud or falsified tax returns as a direct result of the Incident on or after 7/14/2023<br><br>*Examples: Credit card or bank account statements with unauthorized charges highlighted; police reports; IRS documents; FTC Identity Theft Reports; letters refusing to refund fraudulent charges; invoices from accountants, lawyers, or others* | ___ / ___ / _____ | $_____. ____ | _____<br>_____<br>_____<br>_____<br>_____<br>_____ |
| Documents showing you placed or removed a credit freeze as a direct result of the Incident on or after 7/14/2023<br><br>*Examples: Receipts or statements for credit freezes purchased as a result of the Incident* | ___ / ___ / _____ | $_____. _ | _____<br>_____<br>_____<br>_____<br>_____<br>_____ |
| Documents showing you paid for miscellaneous expenses like notary, fax, postage, copying charges, etc., to detect or remediate identity theft related to the Incident on or after 7/14/2023<br><br>*Examples: Receipts, bills, and invoices for any expenses incurred as a result of detecting or remediating identity theft related to this Incident* | ___ / ___ / _____ | $_____. ____ | _____<br>_____<br>_____<br>_____<br>_____<br>_____ |

## Cash Payment: Lost Time Claim

If you received notice from Health EC that health information in your account was compromised <u>and</u> you have qualifying Out-of-Pocket Losses <u>and</u> you spent time remedying these issues, you may submit a claim for up to 10 hours of such time at $25 per hour. If you do <u>not</u> qualify for Out-of-Pocket Losses, you may submit a claim for up to 4 hours remedying misuse of or taking preventative measures for your personal information at $25 per hour.

Complete the section below to the best of your ability and include or attach documentation supporting your claim.

| Lost Time Reimbursement: Lost time is valued for up to four (4) hours calculated at $25 per hour, or up to ten (10) hours calculated at $25 per hour when claimed with qualifying Out-of-Pocket Losses. | | | |
|---|---|---|---|
| **Description and Explanation of Lost Time** | **Approximate Date(s)** | **Approximate Amount of Time** (list in 15-minute increments) | **Supporting Documentation** |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**If you require more space, please provide further information on a separate sheet and submit that sheet with this claim form.**

## Cash Payment: Alternative Cash Payment

If you received notice from Health EC that health information in your account was compromised and you do not want to make a claim for qualifying Out-of-Pocket Losses or Lost Time, you may submit a claim for an Alternative Cash Payment.

Check the appropriate box below, complete the payment selection section, and sign and date this Claim Form.

☐ I am a Settlement Class Member (but not a California Subclass Member) and I would like to make receive an Alternative Cash Payment of $25 instead of making a claim for Out-of-Pocket Losses or Lost Time.

☐ I am a California Sub-Class Member and I was a resident of California on July 14, 2023 and I would like to make receive an Alternative Cash Payment of $50 instead of making a claim for Out-of-Pocket Losses or Lost Time.

# PAYMENT SELECTION:
# ONLINE CLAIM FORM ONLY

| How You Would Like to Receive Your Settlement Payment |
| --- |

Please select how you would like to receive your payment (select only one):

☐ PayPal

☐ Venmo

[Upon selection, the Settlement Class Member will be required to enter the email address or phone number associated with their account selection]

☐ Check

## Signature

I affirm under the laws of the United States that the information I have supplied in this Claim Form and any copies of documents that I am sending to support my claim are true and correct to the best of my knowledge.

I understand that I may be asked to provide more information by the Settlement Administrator before my claim is complete.

| Signature: | Dated: _____ / _____ / _____ |
|---|---|
| Print Name: | |

# EXHIBIT B

**This is a Court approved Legal Notice.**

*In re: HealthEC LLC Data Breach Litigation*
24-cv-00026-JKS-SDA (D.N.J.)

# HEALTHEC DATA BREACH

## IF YOUR INFORMATION WAS ACCESSED IN THE 2023 HEALTHEC DATA BREACH, YOU ARE ELIGIBLE FOR BENEFITS FROM A CLASS ACTION SETTLEMENT

A class action settlement has been proposed in a case against HealthEC, LLC ("HealthEC"), Community Health Care Systems, Inc. ("Community Health"), Corewell Health d/b/a Corewell ("Corewell"), MD Valuecare, LLC ("MD Valuecare"), and Oakwood Accountable Care Organization, LLC d/b/a Beaumont ACO ("Beaumont") (together "Defendants"), relating to a data breach that HealthEC announced in December 2023 (the "Data Breach"). If you qualify, there will be benefits available to you from the proposed settlement. **The easiest way to submit a claim under the settlement is online www.placeholder.com**. If you are unsure of whether you are eligible for benefits, visit the website or contact **NUMBER**

In addition to other benefits, the proposed settlement requires Defendants to establish a "Common Fund" of $5,482,500. The settlement relief includes:

- <u>Cash Payment for Out-of-Pocket Losses</u>: The Common Fund will be used to reimburse verifiable unreimbursed costs or expenditures that a Settlement Class Member actually incurred and believes are fairly traceable to the Data Breach. This includes costs incurred as a result of identity theft or identity fraud, falsified tax returns, or other alleged misuse of a Settlement Class Member's personal information; and costs incurred on or after July 14, 2023, associated with placing or removing a credit freeze on a credit file, obtaining credit reports, credit monitoring or other products related to detection or remediation of identity theft, and other related miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges ("Out-of-Pocket Losses").

- <u>Cash Payment for Lost Time</u>: The Common Fund will be used to reimburse for time spent remedying fraud, identity theft, or other misuse of a Settlement Class Member's personal information that he or she believes is fairly traceable to the Data Breach, and for time spent taking preventative measures to avoid losses relating to the Data Breach ("Lost Time"). Lost Time related to a qualifying claim for Out-of-Pocket Losses may be supported by a certification for up to 10 hours. Lost Time not related to a qualifying claim for Out-of-Pocket Losses but incurred as a result of fraud, identity theft or other misuse, or incurred taking preventative measures to avoid the same, may be supported by a certification for up to 5 hours. Lost Time will be reimbursed at $25 per hour.

- <u>Medical Shield Complete</u>: All Settlement Class Members are eligible to enroll in at least three (3) years of Medical Shield Complete at no cost. The services include dark web monitoring for your personal information, medical record and credit monitoring with authentication alerts, security freeze capability, a $1 million identity theft insurance policy with no deductible, and other features.

- <u>Alternative Cash Payments</u>: As an alternative to making a claim for Out-of-Pocket Losses and Lost Time, Settlement Class Members (except California Settlement Subclass Members) may request

16431701-4

an Alternative Cash Payment of $25. As an alternative to making a claim for Out-of-Pocket Losses and Lost Time, California Settlement Subclass Members may request an Alternative Cash Payment of $50.

| Your Legal Rights and Options in this Settlement | | Deadline |
|---|---|---|
| **File a claim for Out-of-Pocket Losses or Lost Time** | You must submit a claim in order to receive reimbursement for Out-of-Pocket Losses and/or Lost Time under the settlement.<br><br>For more detailed information, see Question 7. | Month Day Year |
| **Alternative Cash Payments** | Alternatively, you may file a claim for an Alternative Cash Payment.<br><br>For more detailed information, see Question 7. | Month Day Year |
| **Medical Shield Complete** | You may request enrollment in Medical Shield Complete after the settlement becomes final, whether or not you make a claim under the settlement.<br><br>For more detailed information, see Questions 8 & 9. | No deadline. Services will be available for at least 3 years. |
| **Exclude yourself from the settlement** | You can exclude yourself from the settlement by informing the Settlement Administrator that you want to "opt-out" of the settlement. If the settlement becomes final, this is the only option that allows you to retain your rights to separately sue for claims related to the Data Breach. If you opt-out, you may not make a claim for benefits under the settlement.<br><br>For more detailed information, see Question 18. | Month Day Year |
| **Object or comment on the settlement** | You may object to the settlement by writing to explain to the Court why you don't think the settlement should be approved. If you object, you will remain a Settlement Class Member, and if the settlement is approved, you will be eligible for the benefits of the settlement and give up your right to sue on certain claims described in the Settlement Agreement, which is available at www.placeholder.com.<br><br>For more detailed information, see Question 19. | Month Day Year |

| | | |
|---|---|---|
| **Do Nothing** | If you do nothing, you can still sign up for Medical Shield Complete after the settlement becomes final, but will not be entitled to any other benefits provided under the settlement. If the settlement becomes final, you will give up your rights to sue Defendants separately for claims relating to the Data Breach or to continue to pursue any such claims you have already filed. | |

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION AND OVERVIEW** ....................................................................**4**
1.  What is this notice, and why did I get it?
2.  What is this lawsuit about?
3.  Why is this a class action?
4.  Why is there a settlement?

**WHO IS PART OF THE SETTLEMENT** ......................................................................**5**
5.  How do I know if I am part of the settlement?

**THE SETTLEMENT BENEFITS**…........................................................................... **5**
6.  What does the settlement provide?
7.  How will the settlement compensate me for identity theft I have already suffered or money I have already paid to protect myself?
8.  How will the settlement help protect me against future identity theft and fraud?
9.  How will the settlement help me deal with identity theft or fraud if it happens?
10.  What happens if there are leftover settlement funds?

**HOW TO GET SETTLEMENT BENEFITS**… ............................................................. **8**
11.  What happens if the Settlement Fund runs out of money?
12.  How do I file a claim for Medical Shield Complete, Out-of-Pocket Losses, or Lost Time?
13.  When and how will I receive the benefits I claim from the settlement?

**LEGAL RIGHTS RESOLVED THROUGH THE SETTLEMENT**......................................... **8**
14.  What am I giving up to stay in the settlement class?

**THE LAWYERS REPRESENTING YOU.** ...................................................................**9**
15.  Do I have a lawyer in this case?
16.  How will these lawyers be paid?
17.  Will the class representatives receive any additional money?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ................................................ **10**
18.  How do I exclude myself from the settlement?

**OBJECTING OR COMMENTING ON THE SETTLEMENT** . ............................................. **10**
19. How do I tell the Court that I like or don't like the settlement?

**GETTING MORE INFORMATION** ......................................................................... **11**
20. Where can I get more information?

16431701-4

# BASIC INFORMATION AND OVERVIEW

| | |
|---|---|
| **1.   What is this notice, and why did I get it?** | |

A Court authorized this notice to inform you how you may be affected by this proposed settlement. This notice describes the lawsuit, the general terms of the proposed settlement and what it may mean to you. This notice also explains how to participate in, or exclude yourself from, the settlement if your information was accessed in the HealthEC LLC Data Breach.

For information on how to determine if you are a Settlement Class Member, and therefore eligible for benefits under this settlement, see Question 5.

| | |
|---|---|
| **2.   What is this lawsuit about?** | |

HealthEC is a population health technology company that provides certain healthcare data analytics services to healthcare entities. In the course of providing these professional services, HealthEC received or collected certain patient information from the other named Defendants. In or around December 2023, HealthEC announced it had suffered a data breach, where a threat actor copied various files including for approximately 1.67 million individuals that were patients of the other Defendants (the "Incident").

Various lawsuits were filed related to the Incident, which were consolidated and are now known as *In re: HealthEC LLC Data Breach Litigation*, 24-cv-00026-JKS-SDA. The consumers who filed this litigation are called the "Plaintiffs." Plaintiffs claim that Defendants did not adequately protect consumers' personal information. The most recent version of the complaint in this Litigation, which describes the Plaintiffs' claims in detail, is available at www.abcd.com. Defendants each deny the claims and contentions alleged in the Litigation. The Court did not decide which side was right.  But both sides considered the uncertain outcome and risk of further litigation and agreed to the settlement. Settlements avoid the costs and uncertainty of a trial and related appeals, while more quickly providing benefits to Settlement Class Members.

| | |
|---|---|
| **3.   Why is this a class action?** | |

In a class action, one or more people called "class representatives" sue on behalf of themselves and other people with similar claims. All of these people together are the "class" or "class members." Because this is a class action settlement, even persons who did not file their own lawsuit can obtain benefits provided under the settlement, except for those individuals who exclude themselves from the settlement class by the deadline.

| | |
|---|---|
| **4.   Why is there a settlement?** | |

The Court has not decided in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement after a lengthy mediation process overseen by a neutral mediator. Settlements avoid the costs and uncertainty of a trial and related appeals, while more quickly providing benefits to members of the settlement class. The class representatives appointed to represent the class and the attorneys for the settlement class ("Plaintiffs' Counsel," see Question 15) believe that the settlement is in the best interests of the Settlement Class Members.

16431701-4

## WHO IS PART OF THE SETTLEMENT

**5.  How do I know if I am part of the settlement?**

You are a Settlement Class Member if you are among the approximately 1.67 million individuals that were patients of Community Health, Corewell, MD Valuecare, and Beaumont whose personal information and/or protected health information was compromised in the Data Breach announced by HealthEC in December 2023. All identified Class Members were emailed or mailed notice of the proposed Settlement, so if you received a notice, you are a likely member of the Settlement Class.

You can also confirm you are a Settlement Class Member, and eligible for benefits, by:

- Visiting the secure web page https://www.placeholder.com; or
- Calling **NUMBER**.

Excluded from the settlement are:

- Officers and directors of Defendants;
- The presiding judge and any judicial staff involved in the lawsuit;
- Any person found guilty under criminal law of causing the Incident or who pleads nolo contender to any such charge; and
- Any Class Member who opts-out (*see* Question 18).

## THE SETTLEMENT BENEFITS

**6.  What does the settlement provide?**

The Defendants collectively will make a non-reversionary payment of $5,482,500 into an escrow account to establish the Common Fund. The Common Fund will be used to:

- Provide Notice and Settlement Administration Costs;
- Provide Service Awards approved by the Court (see Question 17);
- Pay Attorneys' Fees and Expenses approved by the Court;
- Provide Settlement benefits for the Settlement Class Members as provided for in the Settlement Benefits Plan, (see Questions 7-9); and
- Pay any expenses, taxes and tax-related expenses related to maintenance of the Escrow Account.

A description of these commitments is available in the Settlement Agreement, which is available at www.Settlement.com.

**7.  How will the settlement compensate me for identity theft I have already suffered or money I have already paid to protect myself?**

**Settlement Benefit: Payment for Unreimbursed Out-of-Pocket Losses:** If you spent money to deal with fraud or identity theft that you believe was fairly traceable to the Data Breach, or to protect yourself from future harm as a result of the Data Breach, then you can submit a claim for reimbursement (including your claim for Lost Time). Out-of-Pocket Losses that are eligible for reimbursement may include, without limitation, the following:

16431701-4

- Unreimbursed costs, expenses, losses or charges incurred as a result of identity theft or identity fraud, falsified tax returns, or other alleged misuse of a Settlement Class Member's personal information;

- Costs incurred associated with placing or removing a credit freeze on a Settlement Class Member's credit file with any credit reporting agency;

- Other miscellaneous expenses related to any Out-of-Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges; and

- Costs of credit reports, credit monitoring, or other products related to detection or remediation of identity theft.

This list provides examples only, and other losses or costs that you believe are fairly traceable to the Data Breach may also be eligible for reimbursement.

To claim reimbursement for Out-of-Pocket Losses, Settlement Class Members with Out-of-Pocket Losses must submit Reasonable Documentation supporting their claims. "Reasonable Documentation" means documentation supporting your claim, including, but not limited, to credit card statements, bank statements, invoices, telephone records, and receipts. Except as expressly provided in this notice, personal certifications, declarations, or affidavits from the claimant do not constitute Reasonable Documentation but may be included to provide clarification, context or support for other submitted Reasonable Documentation.

The Settlement Administrator will decide if your claim for Out-of-Pocket Losses is valid and fairly traceable to the Incident. In assessing what qualifies as "fairly traceable," the Settlement Administrator must consider (1) the timing of the loss, including whether the loss occurred on or after July 14, 2023, through the date of the Settlement Class Member's claim submission; (2) whether the loss involved the possible misuse of the type of personal information accessed in the Incident; (3) whether the personal information accessed in the Incident that is related to the Settlement Class Member is of the type that was possibly misused; (4) the Class Member's explanation as to how the loss is fairly traceable to the Incident; (5) the nature of the loss, including whether the loss was reasonably incurred as a result of the Incident; and (6) any other factor that the Settlement Administrator considers to be relevant. The Settlement Administrator shall have the sole discretion and authority to determine whether claimed Out-of-Pocket Losses are valid and fairly traceable to the Incident. Only valid claims will be paid.

The deadline to file a claim for Out-of-Pocket Losses is <mark>Month Day Year</mark>.

**Settlement Benefit: Cash Payment for Lost Time**: If you spent time (i) remedying fraud, identity theft, or other alleged misuse of your personal information that you believe is fairly traceable to the Data Breach, or (ii) taking preventative measures (time placing or removing security freezes on your credit report, or purchasing credit monitoring or identity protection) on or after July 14, 2023, then you may make a claim for reimbursement for Lost Time at a Reimbursement Rate of $25 per hour, for up to 10 hours.

For Lost Time not related to qualifying Out-of-Pocket Losses ("Self-Certified Time"), Settlement Class Members may receive reimbursement for up to 5 hours at the Reimbursement Rate. To make a claim for Lost Time, you must provide a description of (i) the actions taken in response to the Data Breach in dealing with misuse of your information or taking preventative measures and (ii) the time associated with those actions. You must certify that the description is truthful. Valid claims for Lost Time will be reimbursed in 15-minute increments.

The deadline to file a claim for Lost Time is <mark>Month Day Year</mark>.

16431701-4

**Settlement Benefit: Alternative Cash Payments**: As an alternative to making a claim for Out-of-Pocket Losses and Lost Time, Settlement Class Members (except California Settlement Subclass Members) may request an Alternative Cash Payment of $25. As an alternative to making a claim for Out-of-Pocket Losses and Lost Time, California Settlement Subclass Members may request an Alternative Cash Payment of $50.

Settlement Class Members making a claim for Out-of-Pocket Losses and/or Lost Time will be entitled to the greater of the approved claim for Out-of-Pocket Losses and Lost Time, or the amount available under this Alternative Cash Payments provision.

The deadline to file a claim for Alternative Cash Payments is **DATE.**

### 8. How will the settlement help protect me against future identity theft and fraud?

**Settlement Benefit: Medical Shield Complete**: Medical Shield Complete provides a way to help protect yourself from unauthorized use of your personal information. Settlement Class Members may submit a claim to enroll in at least three (3) years of Medical Shield Complete, provided through Medical Shield, at no cost. These services include the following features:

- Monitoring medical and healthcare data.
- Monitors credit files at Equifax, Experian and TransUnion.
- Dark web monitoring for your personal information.
- Security freeze capability.
- $1 million identity theft insurance policy with no deductible.

### 9. How will the settlement help me deal with identity theft or fraud if it happens?

**Settlement Benefit: Free Restoration Services**: All Settlement Class Members, even those who do not submit a claim, will be entitled to utilize Medical Shield Complete. This coverage is a separate benefit and provides all Settlement Class Members access to U.S.-based fraud resolution specialists who can assist with important tasks such as placing fraud alerts with the credit bureaus, disputing inaccurate information on credit reports, scheduling calls with creditors and other service providers, and working with law enforcement and government agencies to dispute fraudulent information. All Settlement Class Members may access these free Medical Shield Complete Services after the settlement becomes final, even if you never make a claim from this settlement, by going to www.**placeholder**.com, or calling toll free **NUMBER**.

### 10. What happens if there are leftover settlement funds?

The Settlement Fund will be used to pay claims for Out-of-Pocket Losses and Lost Time, for Medical Shield Complete Services, for administrative and notice costs, for service awards for Settlement Class Representatives, and for attorneys' fees, costs, and expenses as approved by the Court.

- If settlement funds still remain, payments will be increased on a *pro rata* basis (including Alternative Cash Payments) to Settlement Class Members submitting valid claims.
- Any remaining settlement funds resulting from the failure of Settlement Class Members to timely negotiate a settlement check or to timely provide required tax information such that a settlement check should issue, shall be distributed to Settlement Class Members, or as otherwise ordered by the Court, but no money will be returned to HealthEC LLC.

16431701-4

**11. What happens if the Settlement Fund runs out of money?**

If the total number of valid claims exceeds the Common Fund, all valid claims (including Alternative Cash Payments) will be reduced on a *pro rata* basis.

# HOW TO GET SETTLEMENT BENEFITS

**12. How do I file a claim for Medical Shield Complete, Out-of-Pocket Losses, or Lost Time?**

To file a claim for Medical Shield Complete, reimbursement for Out-of-Pocket Losses, Lost Time or an Alternative Cash Payment, you will need to file a claim form. The easiest way to submit a claim form is online, by filling out the form at www.**placeholder**.com. You can also download a paper claim form and return a completed claim form by mail.

The deadline to file a claim for Out-of-Pocket Losses or Lost Time fairly traceable to the Data Breach is **DATE** (this is the last day to file online and the postmark deadline for mailed claims). **To maximize protection offered by Medical Shield Complete, you should make a claim for Medical Shield Complete by DATE.** You may later enroll in Medical Shield Complete at any time the service is active (at least 3 years)**, however all memberships in the free Medical Shield Complete will end on the same date regardless of when you enroll.**

**13. When and how will I receive the benefits I claim from the settlement?**

**Medical Shield Complete claimed by Settlement Class Members will begin, and payments for valid claims for Out-of-Pocket Losses, Lost Time and/or Alternative Cash Payments will be made, after the Court enters a final judgment and the settlement becomes final. This may take several months or more; please be patient. Periodic updates will be posted on the Settlement Administrator's website.**

If you make a valid claim for Medical Shield Complete, the Settlement Administrator will send you information on how to activate your Medical Shield Complete once the settlement is final.

Payments for valid claims for Out-of-Pocket Losses, Lost Time and/or Alternative Cash Payments will be made by the Settlement Administrator in the manner you select (various digital payment options or a paper check).

# LEGAL RIGHTS RESOLVED THROUGH THE SETTLEMENT

**14. What am I giving up to stay in the settlement class?**

If you make a claim under the settlement, or if you do nothing, you will be releasing all of your legal claims relating to the Data Breach against Defendants when the settlement becomes final. By releasing your legal claims, you are giving up the right to file, or to continue to pursue, separate legal claims against or seek further compensation from Defendants for any harm related to the Data Breach or the claims alleged in the lawsuits—whether or not you are currently aware of those claims.

Unless you exclude yourself from the settlement (see Question 18), all of the decisions by the Court will bind you. That means you will be bound to the terms of the settlement and accompanying court orders, and cannot bring a lawsuit or be part of another lawsuit against Defendants regarding the Data Breach.

16431701-4

Paragraph 1.27 of the Settlement Agreement defines the claims that will be released by Settlement Class Members who do not exclude themselves from the settlement. You can access the Settlement Agreement and read the specific details of the legal claims being released at www.**placeholder**.com.

If you have any questions, you can contact the Settlement Administrator (*see* Question 20).

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer in this case?

Yes. The Court appointed the following attorneys to represent you and other Settlement Class Members as "Plaintiffs' Counsel."

| | |
|---|---|
| Norman E. Siegel<br>**STUEVE SIEGEL HANSON LLP**<br>460 Nichols Road<br>Suite 200<br>Kansas City, MO 64112 | James E. Cecchi<br>**CARELLA BYRNE CECCHI BRODY &<br>AGNELLO, P.C.**<br>5 Becker Farm Road<br>Roseland, NJ 07068 |

You will not be charged by these lawyers for their work on the case. If you want to be represented by your own lawyer, you may hire one at your own expense.

If you have questions about making a claim, please contact the Settlement Administrator (*see* Question 20).

### 16. How will these lawyers be paid?

Plaintiffs' Counsel have undertaken this case on a contingency-fee basis, meaning they have paid for all of the expenses in the case and have not been paid any money in relation to their work on this case. Accordingly, Plaintiffs' Counsel will ask the Court to award them attorneys' fees of up to 34% of the Settlement Fund and reimbursement for costs and expenses to be paid from the Settlement Fund. The Court will decide the amount of fees and costs and expenses to be paid. You will not have to separately pay any portion of these fees yourself. Plaintiffs' Counsel's request for attorneys' fees and costs (which must be approved by the Court) will be filed by **DATE** and will be available to view on the settlement website at www.**placeholder**.com.

### 17. Will the class representatives receive any additional money?

The class representatives in this action are listed in the Settlement Agreement, which is available at www.**placeholder**.com. Plaintiffs' Counsel will ask the Court to award the class representatives "service awards" of up to $2,500 each for the time that they spent, and the risks that they undertook, in bringing this lawsuit on behalf of the class. This amount will have to be approved by the Court. Any amount approved by the Court will be paid from the Settlement Fund. If the Court awards less than Plaintiffs' Counsel's request in service awards or attorneys' fees and expenses, the difference will remain in the Common Fund to be used for the benefit of the Settlement Class Members.

Plaintiffs' Counsel's request for attorneys' fees and costs (which must be approved by the Court) will be filed no later than 35 days before the final fairness hearing and will be available to view on the settlement website at **www.placeholder.com**.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

16431701-4

**Questions? Go to www.placeholder.com or call NUMBER**          9

## 18. How do I exclude myself from the settlement?

If you are a member of the settlement class but do not want to remain in the class, you may exclude yourself from the class (also known as "opting out"). If you exclude yourself, you will lose any right to participate in the settlement, including any right to receive the benefits outlined in this notice.

If you decide on this option, you may keep any rights you have, if any, against Defendants and you may file your own lawsuit against Defendants based upon the same legal claims that are asserted in this lawsuit, but you will need to find your own attorney at your own cost to represent you in that lawsuit. If you are considering this option, you may want to consult an attorney to determine your options.

**IMPORTANT:** You will be bound by the terms of the Settlement Agreement unless you submit a timely and signed written request to be excluded from the settlement. To exclude yourself from the settlement you must mail a "request for exclusion," postmarked no later than DATE to:

**HealthEC LLC Settlement Administrator**
**Attn: Exclusion**
**placeholder**
**placeholder**

This statement must contain the following information:

(1)    The name of this action (*In re HealthEC LLC Data Breach Litigation*, Case No. 2:24-cv-00026 (JKS) (SDA));

(2)    Your full name, current address and telephone number;

(3)    Your personal signature (lawyer's signature is not sufficient);

(4)    A statement clearly indicating your intent to be excluded from the settlement; and

(5)    A statement that your request for exclusion applies only to you, the one Settlement Class Member whose personal signature appears on the request. (Requests seeking exclusion on behalf of more than one Settlement Class Member shall be deemed invalid by the Settlement Administrator.)

**If you do not comply with these procedures and the deadline for exclusions, you will lose any opportunity to exclude yourself from the settlement class, and your rights will be determined in this lawsuit by the Settlement Agreement if it is approved by the Court.**

## OBJECTING OR COMMENTING ON THE SETTLEMENT

## 19. How do I tell the Court that I like or don't like the settlement?

If you are a Settlement Class Member, you have the right to tell the Court what you think of the settlement. You can object to the settlement if you don't think it is fair, reasonable, or adequate, and you can give reasons why you think the Court should not approve it. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement as it is.

To object, you must send a written objection identifying you as a Settlement Class Member stating that you object to the settlement. Your objection must include:

(1)    The case name and number of this action (*In re HealthEC LLC Data Breach Litigation*, Case No. 2:24-cv-00026 (JKS) (SDA));

16431701-4

(2)   Your full name, current address, telephone number and email address, and if you are represented by counsel, those of your counsel;

(3)   Information or proof showing that you are a member of the Settlement Class;

(4)   A statement of the specific grounds for the objection;

(5)   A list of all class action cases in which the objector or their counsel has objected;

(6)   A statement of whether you intend to appear at the Final Approval Hearing, and if so, whether personally or through counsel; and,

(7)   Your signature.

Additionally, if you are represented by a lawyer and your lawyer intends to speak at the Final Approval Hearing, your written objection must include:

(8)   A detailed description of any evidence you may offer at the Final Approval Hearing; and

(9)   Copies of any exhibits you may introduce at the Final Approval Hearing.

To be considered by the Court, your written objection must be filed electronically with the Court by DATE or mailed, postmarked no later than DATE to the following address:

**Clerk of the Court**
**United States District Court District of New Jersey (Newark)**
**Martin Luther King Building & U.S. Courthouse**
**50 Walnut Street**
**Newark, NJ 07102**

**If you do not comply with these procedures and the deadline for objections, you may lose any opportunity to have your objection considered at the Final Approval Hearing or otherwise to contest the approval of the settlement or to appeal from any orders or judgments entered by the Court in connection with the proposed settlement. You will still be eligible to receive settlement benefits if the settlement becomes final even if you object to the settlement.**

The Court has scheduled a Final Fairness Hearing to listen to and consider any concerns or objections from Settlement Class Members regarding the fairness, adequacy, and reasonableness of the terms of the Settlement Agreement. That hearing is currently scheduled to take place on DATE at TIME p.m. before the Honorable Stacey D. Adams, Magistrate Judge, at the United States District Court District of New Jersey (Newark) located in Room placeholder of the United States Courthouse, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102. This hearing date and time may be moved. Please refer to the settlement website, www.placeholder.com for notice of any changes.

# GETTING MORE INFORMATION

## 20. Where can I get more information?

If you have questions about this notice or the settlement, you may go to the settlement website at www.placeholder.com. You can also contact the Settlement Administrator at NUMBER or by mailing a letter to HealthEC LLC Data Breach Class Action Settlement Administrator, ADDRESS for more information or to request that a copy of this document be sent to you in the mail. If you wish to communicate directly with Plaintiffs' Counsel, you may contact them (contact information noted above in Question 15). You may also seek advice and guidance from your own private lawyer at your

16431701-4

own expense, if you wish to do so.

This notice is only a summary of the lawsuit and the settlement. Other related documents can be accessed through the settlement website. If you have questions about the proposed settlement, or wish to receive a copy of the Settlement Agreement but do not have access to the Internet to download a copy online, you may contact the Settlement Administrator. The Court cannot respond to any questions regarding this notice, the lawsuit, or the proposed settlement.

***Please do not contact the Court, its Clerk, or HealthEC LLC or any other Defendants.***

16431701-4

# EXHIBIT C

To:
From:
Subject: HealthEC Data Breach Settlement

ClaimID:
PIN:

# HEALTHEC DATA BREACH

## IF YOUR INFORMATION WAS ACCESSED IN THE 2023 HEALTHEC DATA BREACH, YOU ARE ELIGIBLE FOR BENEFITS FROM A CLASS ACTION SETTLEMENT

**This is a Court approved Legal Notice.**

*In re: HealthEC LLC Data Breach Litigation*

24-cv-00026-JKS-SDA (D.N.J.)

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND APPROVAL HEARING

The United States District Court for the District of New Jersey authorized this notice to inform you how you may be affected by this proposed settlement. This notice describes the lawsuit, the general terms of the proposed settlement and what it may mean to you.  Before any money is paid, the Court will have a hearing to decide whether to approve the settlement.

A class action settlement has been proposed in a case against HealthEC, LLC ("HealthEC"), Community Health Care Systems, Inc. ("Community Health"), Corewell Health d/b/a Corewell ("Corewell"), MD Valuecare, LLC ("MD Valuecare"), and Oakwood Accountable Care Organization, LLC d/b/a Beaumont ACO ("Beaumont") (together "Defendants"), relating to a data breach that HealthEC announced in December 2023 (the "Data Breach").  If you qualify, there will be benefits available to you from the proposed settlement.  **The easiest way to submit a claim under the settlement is online at www.aaabbbccc.com**. If you are unsure of whether you are eligible for benefits, visit the website or contact_____.

**Who's Included?** You are a Settlement Class Member if you were one of the approximately 1.67 million individuals that were patients of Community Health, Corewell, MD Valuecare, and Beaumont whose personal information and/or protected health information was compromised in the Data Breach announced by HealthEC in December 2023.  The Settlement Class specifically excludes each of the Defendants, their respective officers and directors, and any person who requested exclusion from the Settlement Class. If you're not sure you are included, you can get more information, including a detailed notice, at www XYZsettlement com or by calling toll free 1-800-000-0000.

**What's The Lawsuit About?** HealthEC is a population health technology company that provides certain healthcare data analytics services to healthcare entities. While providing these professional services, HealthEC received or collected certain patient information from the other named Defendants. In or around December 2023, HealthEC announced it had suffered a data breach, where a threat actor copied various files including for approximately 1.67 million individuals that were patients of the other Defendants (the "Incident"). Various lawsuits were filed related to the Incident,

which were consolidated into this Litigation. The consumers who filed this Litigation are called the "Plaintiffs." Plaintiffs claim that Defendants did not adequately protect consumers' personal information. The most recent version of the complaint in this Litigation, which describes the Plaintiffs' claims in detail, is available at www.abcd.com. Defendants each deny the claims and contentions alleged in the Litigation. The Court did not decide which side was right. But both sides considered the uncertain outcome and risk of further litigation and agreed to the settlement. Settlements avoid the costs and uncertainty of a trial and related appeals, while more quickly providing benefits to Settlement Class Members.

**What Does The Settlement Provide?** In addition to other benefits, the proposed settlement requires Defendants to create a fund of $5,482,500 to be divided among all Settlement Class Members who send in valid claim forms. Settlement Class Members who submit a valid claim will be eligible to receive an enrollment code for three years of Medical Shield Complete monitoring services and either reimbursement for Out-of-Pocket Losses and Lost Time or a $25-$50 cash payment. Settlement administration costs, attorneys' fees and expenses, service awards, and the costs of Medical Shield Complete will be deducted from the settlement fund before paying valid claims. A Settlement Agreement, available at www.abcd.com, describes all the details about the proposed settlement.

**How Can I File A Claim?** You may file a claim form online by visiting the settlement website at www.aaaabbbbbccccc.com or print a claim form from the website  and return the completed form by mail. The deadline to file a claim is **Month Day Year** (this is the last day to file online and the postmark deadline for mailed claims).
You can take advantage of the Medical Shield Complete monitoring services at any time during the three years the monitoring is effective. Settlement Class Members who enroll after the three-year monitoring period begins will only receive monitoring for the remainder of the three-year period.

**What Are My Other Options?** If you do nothing and are a member of the settlement class, you will remain in the Class, you will not be eligible for benefits, and you will be bound by the decisions of the Court and give up your rights to sue Defendants for the claims resolved by the proposed settlement. If you are a member of the settlement class but do not want to remain in the class, you may exclude yourself from the class (or "opt-out"). If you exclude yourself, you will lose any right to participate in the settlement. If you do not wish to remain in the class, you must exclude yourself by **Month, date, year**. If you remain in as a settlement participant, you may object to it if you don't think it is fair, reasonable, or adequate, and you can provide reasons why you think the Court should not approve it. However, you can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement as it is. Please visit the settlement website at www.aaaabbbbbccccc.com or call 999-999-9999 for a copy of the detailed notice that explains how to exclude yourself or object.

**When will the court decide whether to approve the settlement?** On_____, the Court will hold a Final Fairness Hearing in this case to determine whether to approve the settlement, Plaintiffs Counsel's request for attorneys' fees and expenses, and a service award of up to $2,500 for each Plaintiff. The motion for attorneys' fees will be posted on the settlement website after it is filed. You or your lawyer may attend and ask to speak the Court's Final Approval Hearing at your own cost.

This notice is only a summary.  For the precise terms of the settlement, please see the settlement agreement available at **www.aaaabbbbbcccc.com, or by calling** 999-999-9999.

LEGAL NOTICE

*In re: HealthEC LLC Data Breach Litig.*
*Settlement Administrator*
P.O. Box xxxxx
City, ST xxxxx-xxxx

**If your information was accessed in the 2023 HealthEC data breach, you are eligible for benefits from a class action settlement.**

www.webiste.com

1-xxx-xxx-xxxx

<<3of9 Barcode>>

<<BARCODE>>
Postal Service: Please Do Not Mark Barcode

«ClaimID»«PIN»
«First1» «Last1»
«CO»
«Addr1» «Addr2»
«City», «St» «Zip»

**XXX**

A class action settlement has been proposed in a case against HealthEC, LLC ("HealthEC"), Community Health Care Systems, Inc., Corewell Health d/b/a Corewell, MD Valuecare, LLC, and Oakwood Accountable Care Organization, LLC d/b/a Beaumont ACO (together "Defendants"), relating to a data breach that HealthEC announced in December 2023 (the "Data Breach").

**Who's Included?** You are a Settlement Class Member if you were one of the approximately 1.67 million individuals that were patients of Community Health, Corewell, MD Valuecare, and Beaumont whose personal information and/or protected health information was compromised in the Data Breach.

**What Does The Settlement Provide?** Defendants will create a $5,482,500 fund to be divided among all Settlement Class Members who send in valid claim forms. Settlement Class Members may file a claim to receive three years of Medical Shield Complete monitoring services, reimbursement of Out-of-Pocket Losses and Lost Time, and/or a $25-$50 cash payment. Settlement administration costs, attorneys' fees and expenses, service awards, and the costs of Medical Shield Complete will be deducted from the settlement fund before paying valid claims.

**How Can I File A Claim?** Complete and submit a claim online at www.aaaabbbbbccccc.com or print a claim form from the website and return the completed form by mail. The deadline to file a claim is **Month Day Year**.

**What Are My Other Options?** If you do nothing, you will remain in the Class, you will not be eligible for benefits, you will be bound by the decisions of the Court, and you will give up your rights to sue Defendants for the claims resolved by the proposed settlement. If you do not want to be legally bound by the Settlement, you must exclude yourself by **Month, date, year**. If you exclude yourself, you will lose any right to participate in the settlement. If you do not exclude yourself, you may object and notify the Court that you or your lawyer intend to appear at the Court's Final Approval Hearing. Objections are due **Month, date, year**.

**When will the court decide whether to approve the settlement?** On_____, the Court will hold a Final Fairness Hearing in this case to determine whether to approve the settlement, Plaintiffs Counsel's request for attorneys' fees and expenses, and a service award of up to $2,500 for each Plaintiff. The motion for attorneys' fees will be posted on the settlement website after it is filed.