UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re HealthEC LLC Data Breach Litigation | ) No. 2:24-cv-00026 (JKS) (SDA)<br>)<br>) **[PROPOSED] ORDER AND**<br>) **JUDGMENT GRANTING FINAL**<br>) **APPROVAL OF CLASS ACTION**<br>) **SETTLEMENT AND AWARDING**<br>) **ATTORNEYS' FEES, EXPENSES,**<br>) **AND SERVICE AWARDS TO CLASS**<br>) **REPRESENTATIVES**<br>) |

WHEREAS, this matter having come before the Court by way of Plaintiffs', Allan Bishop, Caroline Cappas, Jessica Fenn, Keith Fielder, Joni Fielder, Gregory Leeb, and Mindy Markowitz, (together "Plaintiffs") Plaintiffs' Motion for Final Approval of the Class Action Settlement and Final Certification of the Settlement Class; Settlement Counsel's Motion for Award of Attorneys' Fees, Payment of Litigation Expenses, and Payment of Service Awards to Class Representatives; the Parties' Class Action Settlement Agreement and Release dated February 27, 2025 ("Settlement" or "Settlement Agreement") (ECF No. 168-4); the supporting Declaration of James E. Cecchi and accompanying exhibits; the Declaration of Edward Dattilo of Verita Global LLC, the Settlement Administrator; and all other submissions and filings in this Action;

WHEREAS, on June 6, 2025, this Court entered an Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 176) ("Preliminary Approval Order"), which granted preliminary approval of the Settlement, provisionally certified, for settlement purposes only, the proposed Settlement Class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), preliminarily appointed the Settlement Class Representatives, Settlement Class Counsel, and the Settlement Administrator, approved the form and content of the Long Form Notice, Short Form Notice, and Claim Form, and approved and directed the dissemination of the Notices and

1

Claim Form pursuant to the Parties' Proposed Notice Plan ("Notice Plan") as the best notice practicable under the circumstances and comporting in all respects with Fed. R. Civ. P. 23(e) and due process; and

WHEREAS, the approved Notice Plan has been effectuated in a timely and proper manner; and

WHEREAS, this Court having held a Final Fairness Hearing on January 12, 2026, and having carefully considered all of the submissions, arguments, and applicable law, and with due deliberation thereon,

NOW, this Court hereby finds, determines, and orders as follows:

1. **Final Approval of the Settlement.** The Court hereby grants final approval of the Settlement and all of the terms and provisions of the Settlement Agreement. The Court finds that the Settlement is fair, reasonable, and adequate, and in all respects satisfies the requirements of Fed. R. Civ. P. 23 and applicable law.

2. **Certification of the Settlement Class.** The Court here certifies, for Settlement purposes only, the proposed Settlement Class set forth in the Settlement Agreement and in the Preliminary Approval Order (ECF No. 176). The Court finds that, for the purposes of Settlement, the applicable prerequisites for certification of the proposed Settlement Class under Fed. R. Civ. P 23(a) and 23(b)(3) are fully satisfied, namely: the Settlement Class is so numerous that joinder of all members is not practicable; questions of law and fact are common to the Settlement Class; the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; the Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class; questions of law and fact common to the members of the Settlement Class predominate over

any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. The Court further determines that the Settlement Class is ascertainable under the standards established by the Third Circuit. In addition, because this Action is being settled rather than litigated to conclusion, the Court need not consider manageability issues that might be presented by a trial of this action. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

3. **Notice of the Settlement to the Settlement Class.** The Court finds that Notice of the Settlement was timely and properly disseminated and effectuated pursuant to the approved Notice Plan, and that said Notice constitutes the best notice practicable under the circumstances and satisfies all requirements of Rule 23(e) and due process.

4. **CAFA Notice.** The Court finds that in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), Defendants, through Verita Global LLC, properly and timely caused to be mailed a copy of the proposed Settlement and all other documents required by law to the Attorney General of the United States and the Attorneys General of each State where class members reside. No Attorney General has filed any objection to, or voiced any concern over, the Settlement or any of its terms and provisions.

5. **Defined Terms of the Settlement Agreement**. Unless otherwise defined herein, the terms used in this Order that are defined in the Settlement Agreement shall have the same definition and meaning as set forth in the Settlement Agreement.

6. **The Settlement Is Fair, Reasonable, and Adequate**. The Court finds that the Settlement is fair, reasonable, and adequate, and in all respects satisfies Fed. R. Civ. P. 23. The Settlement provides substantial benefits to, and is in the best interests of, the Settlement Class, and is particularly fair, reasonable, and adequate when considering the issues presented by this case,

including, but not limited to, the disputed nature of the claims, the potential defenses thereto, the risks of non-recovery or reduced recovery to the Settlement Class, the risks surrounding class certification, the substantial burdens, time, and expense of further litigation, and the delays of any potential recovery associated with the continued litigation of the Action.

7. **The Settlement is the Result of Extensive Arm's-Length Negotiation of Highly Disputed Claims by Experienced Class-Action Counsel, and Is Not the Product of Collusion.** The Court further finds that the Settlement was entered into as a result of extensive arm's-length negotiations of highly disputed claims among experienced class-action counsel on both sides. The Settlement is not the product of collusion, and it was entered into with a sufficient understanding by counsel of the strengths and weaknesses of their respective claims and defenses, and of the potential risks and benefits of continued litigation.

**Appointment of Settlement Class Representatives and Settlement Class Counsel.** The Court hereby grants final approval and appointment of Plaintiffs Allan Bishop, Caroline Cappas, Jessica Fenn, Keith Fielder, Joni Fielder, Gregory Leeb, and Mindy Markowitz. as Representatives of the Settlement Class ("Settlement Class Representatives"), and of the law firms of Carella, Byrne, Cecchi, Brody & Agnello, P.C. and Stueve Siegel Hanson LLP ("Settlement Class Counsel" or "Class Counsel"). The Court finds that said Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class.

9. **Appointment of Settlement Administrator.** The Court further grants final appointment of Verita Global LLC ("Verita") as the Settlement Administrator to effectuate its duties and responsibilities set forth in the Settlement Agreement and the Preliminary Approval Order.

10. **Objections and Requests for Exclusion.** Settlement Class Members were duly afforded a reasonable and ample opportunity to object to or request exclusion from the Settlement, and they were duly advised of the deadlines and procedures for doing so. Of the Settlement Class Members, the Court has received zero (0) objections to the Settlement. The Parties have received twenty-two (22) requests for exclusion. The Court finds that the absence of objections and small number of requests for exclusion demonstrates overwhelmingly that the Settlement Class favors the Settlement and further supports that the Settlement is fair, reasonable and adequate, and warrants final approval by this Court.

11. **Plan of Allocation.** The Court hereby approves the Plan of Allocation of the Common Fund as proposed by Co-Lead Counsel (the "Plan of Allocation"), which was referenced in the Notice of Class Action and Proposed Settlement, made available on the case-specific website. The Court hereby directs Verita, the company retained by Settlement Class Counsel and previously appointed by the Court as the Settlement Administrator, to distribute the settlement payments as provided in the Plan of Allocation.

12. **Attorneys' Fees, Payment of Expenses, and Service Awards for Settlement Class Representatives.** Settlement Class Counsel have moved for the award of attorneys' fees, payment of expenses, and service awards for the Settlement Class Representatives. Settlement Class Counsel request an award of attorneys' fees of 34% of the $5,482,500.00 non-revisionary Common Fund (including the interest accrued thereon), payment of the reasonable costs and expenses incurred in the prosecution of this Action in the amount of $29,340.53, and service awards of $2,500.00 to each Settlement Class Representative. Such motion has been on the docket and otherwise publicly available since December 8, 2025.

13. Upon consideration of the motion for attorneys' fees, costs and expenses, the Court hereby awards attorneys' fees of $1,864,050.00 (representing 34% of Common Fund), together with a proportionate share of the interest thereon from the date the funds are deposited in the Escrow Account until payment of such attorneys' fees, costs and expenses, at the rate earned by the Common Fund and to be paid solely from the Common Fund, and costs and expenses totaling $29,340.53. Settlement Class Counsel shall have sole authority and discretion to allocate the awarded fee amongst plaintiffs' counsel. The attorneys' fees, costs, and expenses authorized and approved by this Final Judgment and Order shall be paid within five (5) calendar days after this Final Approval Order is entered or as otherwise agreed by Defendants and Plaintiffs or ordered by the Court.

14. Upon consideration of Settlement Counsel's petition for service awards for the Settlement Class Representatives, each Settlement Class Representative is hereby awarded $2,500.00, to be paid solely from the Common Fund as soon as possible after the Settlement becomes final in accordance with the Settlement Agreement.

**IT IS THEREFORE ORDERED AND ADJUDGED AS FOLLOWS**:

15. The Court certifies, for the purpose of settlement, the following Settlement Class consisting of:

> The approximately 1.67 million individuals reflected on the Class List that were patients of Community Health, Corewell, MD Valuecare, and Beaumont whose personal information and/or protected health information was compromised in the Incident announced by HealthEC in December 2023.

The following entities and individuals are excluded from the definitions of "Settlement Class Members" or "Class Members":

    a. Each of the Defendants and their respective officers and directors;

    b. All Settlement Class Members who timely and validly requested exclusion from the Settlement Class;

   c.  the Judge and/or Magistrate assigned to evaluate the fairness of this settlement; and

   d.  any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Incident or who pleads nolo contender to any such charge.

16. The Court hereby grants final approval of the Settlement as set forth in the Settlement Agreement and all of its terms and provisions. The Settlement is fair, reasonable, adequate, and in all respects satisfies the requirements of Fed. R. Civ. P. 23.  Specifically, the Court has analyzed each of the factors set forth in Fed. R. Civ. P. 23(e)(2), *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), and *In re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 323 (3d Cir. 1998), and finds that they support, justify, and warrant, final approval of this Settlement.

17. The Court excludes from the Settlement and Release, on the basis of their timely and valid requests for exclusion, the twenty-two (22) Settlement Class Members listed on Exhibit A annexed hereto.

18. The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms and provisions.

19. The Parties and all Settlement Class Members—except for the twenty-two (22) persons identified in Exhibit A who have timely and properly excluded themselves from the Settlement Class—are hereby bound in all respects by the terms and conditions of the Settlement Agreement, including, but not limited to, the Release and Covenant Not to Sue contained therein, and the Plaintiffs and each and every Settlement Class Member—except for the twenty-two (22) persons identified in Exhibit A who have timely and properly excluded themselves from the Settlement Class—shall be deemed to have, and by operation of this Final Order and Judgment

shall have, fully, completely, and forever released and discharged all Released Parties from all Released Claims, including Unknown Claims, as set forth in the Settlement Agreement.

20. The Action is hereby dismissed with prejudice as to HealthEC, LLC ("HealthEC"), Community Health Care Systems, Inc. ("Community Health Care Systems"), Corewell Health d/b/a Corewell ("Corewell"), MD Valuecare, LLC ("MD Valuecare"), and Oakwood Accountable Care Organization, LLC d/b/a Beaumont ACO ("Beaumont"), collectively ("Defendants").

21. The Settlement Agreement, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by Defendants, or of the truth of any of the claims or allegations contained in the Complaint or any other pleading or document in the Action; and evidence thereof shall not be discoverable, admissible, or otherwise used indirectly, in any way (except in accordance with the terms of this Settlement; and provided that the provisions of this Settlement Agreement can be used by the Parties to enforce the provisions of the Settlement Agreement), whether in this Action or in any other action or proceeding.

22. In the event that any provision of the Settlement or this Final Order and Judgment is asserted as a defense by Defendants or any Released Party (including, without limitation, as a basis for dismissal and/or a stay), in whole or in part, to any claim, suit, action, or proceeding in any forum, judicial or otherwise, brought by a Settlement Class Member or any person acting or purporting to act on behalf of any Settlement Class Member(s), that claim, suit, action and/or proceeding shall immediately be stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.

23. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and this Order and any obligations thereunder.

24. Plaintiffs and each and every Settlement Class Member—except for the twenty-two (22) persons identified in Exhibit A who have timely and properly excluded themselves from the Settlement Class—and any other Released Party as defined in the Settlement Agreement, is/are hereby permanently barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any forum whatsoever, including any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against the Released Parties (as those terms are defined in the Settlement Agreement). This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Order and Judgment, and this Court's authority to enforce and effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. However, this provision will not bar any communications with, or compliance with requests or inquiries from, any governmental authorities.

25. Without affecting the finality of this Final Order and Judgment, this Court hereby retains exclusive jurisdiction, and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court, of, over, and with respect to, the consummation, implementation, and enforcement of this Settlement and its terms, including the release of claims therein, and any suit, action, proceeding (judicial or otherwise) or dispute arising out of or relating to this Final Order and Judgment, the Settlement Agreement and its terms, or the applicability of the Settlement Agreement. This exclusive jurisdiction includes, without limitation, the Court's power pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law, to

enforce the above-described bar and injunction against the commencement, institution, prosecution, and/or continued prosecution of any Released Claim against any Released Party.

**IT IS SO ORDERED AND ADJUDGED.**

Dated: _____   _____
HON. STACEY D. ABRAMS, U.S.M.J.